1830.

The Bennington Iron Co.
v.
Campbell.

---

The Bennington Iron Company and others *vs.* Campbell and others.

When amendments are made to a bill, if the complainant files or serves an entire new bill, incorporating therein as well the original matter as the amendments, he must distinctly designate the amendments in the new bill.

Where a solicitor unnecessarily makes a re-engrossment or a full copy of the original matter, he will not be entitled to an allowance for the same in the taxation of his costs.

If the amendments are not noted upon the new bill, the defendant's solicitor may refuse to receive the copy of the bill which includes such amendments.

It is improper to incorporate in an answer to an amended bill the whole matter of the former answer.

1830.

The Benning-
ton Iron Co.
v.
Campbell.

The defendant's solicitor should either decline receiving the amended bill where the amendments are not noted upon it, or he should ascertain what the amendments are and answer the amendments only.

But if this course is not pursued by the defendant, the complainant can only avail himself of the objection by excepting to the answer for impertinence.

The titles of further answers must correspond with the order under which they are put in.

Where exceptions to a former answer and to amendments to the bill are answered together, if neither the exceptions nor the amendments are fully answered, the complainant may file new exceptions founded on the new matter introduced into the bill by way of amendment.

If the new exceptions are not submitted to by the defendant within the eight days allowed for that purpose, the answers should by an order be referred upon the new exceptions, and upon such of the old exceptions as are not sufficiently answered.

Where the new exceptions are submitted to, the answer must be referred upon the old exceptions which are not sufficiently answered, within ten days after the answer is put in.

New exceptions for insufficiency cannot be taken to the further answer, founded upon the matter of the original bill only.

Where the reference is upon the new exceptions alone, the master cannot inquire whether the old exceptions were fully answered, or whether any part of the original bill to which the old exceptions did not relate was answered by the first answer of the defendant.

If the new exceptions clearly relate to the original bill and not to the amendments thereto, the defendant may move to take them from the files, for irregularity; or if he has doubts on the subject, he may urge the objection before the master on the reference.

Where the reference on such exceptions has been proceeded in, if they do not relate to the amendments, the exceptions will be permitted to remain on the files; but the master's report allowing the new exceptions will be overruled.

April 6th.

EXCEPTIONS were filed to the separate answers of the several defendants in this cause for insufficiency; which exceptions, on reference, were allowed by the master. The complainants then obtained an order for leave to amend their bill, and that the defendants answer the amendments and exceptions together. The amendments to the original bill on file were made in the usual manner: by attaching the amendments to the bill, making slight alterations therein in red ink, and by making references thereon in the same manner, shewing where the amendments attached were to come in or to be inserted. But a copy of the whole original bill, with the amendments incorporated therein, was served upon the defendants solicitor, without designating what

parts thereof were the amendments. The defendants then put in further answers, which not only answered the amendments and exceptions, but also contained a repetition of the whole matter embraced in the former answers. These new answers were entitled the separate answers of the defendants to the amended bill of complainant, and were endorsed, "Copy answer to amended bill." The complainants filed new exceptions, entitled, "Exceptions taken to the answers of the defendants to the amended bill," and entered an order referring it to a master to look into the amended bill and the answers, and the exceptions to those answers, and to report whether the answers were sufficient in the points excepted to or not. These exceptions did not relate to any matter introduced into the bill by the amendments. And upon this ground the defendants gave notice of an application to set aside the order of reference and all proceedings on the exceptions, for irregularity. Before this motion was made, the parties proceeded on the reference; but without prejudice to the right of the defendants to bring on the motion. The master having reported that the answers were insufficient, the defendants excepted to his report. The original motion and the exceptions to the report of the master came on to be heard at the same time.

*B. F. Butler*, for the complainants.

*F. B. Cutting*, for the defendants.

THE CHANCELLOR. There have been some irregularities on both sides, in this case, which it may be proper to notice in order to do justice between the parties. The manner in which amendments are to be made is stated by chancellor Kent in *Luce* v. *Graham*, 4 ( John. Ch. Rep. 172.) If a party thinks proper to file or serve an entire new bill, incorporating the original matter with the amendments, he must distinctly mark and designate the amendments, so that the defendant and the court may see what they are. And where a solicitor unnecessarily makes a re-engrossment or a full copy of the original matter, he will not be allowed for the

1830.

The Bennington Iron Co.
v.
Campbell.

same on taxation of costs. In this case the defendants' so-licitor might have refused to receive the copy of the amend-ed bill on which the amendments were not noted.

The last answer was both irregular and impertinent. The impertinence consisted in a repetition of the whole matter of the former answers. The defendants should have declined receiving the amended bill in its imperfect state, or have as-certained what the amendments were, and answered ac-cordingly. But as the complainants did not except to it on that ground, they cannot now make that objection. The an-swers were irregular because the entitling thereof did not cor-respond with the order under which those answers were put in. They are entitled as answers to the amended bill only; but they should have been entitled as further answers to the ori-ginal bill of complaint and answers to the amended bill. (*De Tastet* v. *Lopez*, 1 Simon's Rep. 11.) As these answers were however in fact answers to the original exceptions as well as to the amendments, the order to answer has been substan-tially complied with, and it is now too late for the complain-ants to make the objection.

Where exceptions to a former answer and amendments to the bill are answered together, if neither the amendments nor exceptions are fully answered, the complainant is only at liberty to file new exceptions founded on the new matters in-troduced into the bill by such amendments. The answers will then be referred on the new exceptions, and upon such of the old exceptions as are specified in the order of refer-ence, agreeably to the 52 rule. In such cases the com-plainant must wait until the new exceptions are filed, and then refer both together in the same order if the new ex-ceptions are not submitted to within the eight days allowed for that purpose. Where the new exceptions are submitted to, the answer must be referred on the old exceptions, or some of them, within ten days thereafter, or it will be deem-ed sufficient.

New exceptions for insufficiency cannot be taken to the further answer, founded upon the matter of the original bill only. And where the reference is on the new exceptions alone, the master is not at liberty to enquire whether the old

exceptions are fully answered, or whether any part of the original bill to which the old exceptions did not relate was answered by the first answer of the defendant thereto. (*Partridge* v. *Haycraft*, 11 Ves. 570. *Williams* v. *Davies*, 1 Sim. & Stu. 426.) The new exceptions in this case were properly entitled as exceptions to the answer to the amended bill. Under the order referring them, the master had no right to look into the answer, except so far as it was an answer to the amendments ; and if he found it sufficient in that respect, it was his duty to overrule the exceptions. (*Irving* v. *Viana*, 1 M'Clel. & Young, 563.) This was done in *Overy* v. *Leighton*, (2 Sim. & Stu. Rep. 234,) where the exception to the answer to an amended bill might, on the same principle, have been taken to the first answer. The exception, if taken originally, would have been sustained ; but the master overruled it as an exception to the second answer. On appeal from the decision of the master, the vice chancellor sustained his report.

If the exceptions, clearly and manifestly do not relate to the amendments, but to the original bill, only I think the defendant may move to take them off the files for irregularity. And where there is any doubt on the subject he may urge that objection before the master on the reference. Here it is evident that these exceptions do not relate to the amendments, and are not covered by the old exceptions. If the reference had not been proceeded in, they should be taken off the files. As the result will be the same, they may now remain ; but the exceptions to the master's report must be allowed.

The exceptions and amendments being fully answered, the merits of the case are with the defendants. They are therefore entitled to the costs of the reference, and of the hearing on the exceptions to the master's report. But as there have been some irregularities on both sides in matters of form, I shall give neither party any costs on the application to vacate the order of reference.