## RYCKMAN *vs.* PARKINS.

The complainant in a judgment creditor's bill is not entitled to extra costs and counsel fees, to be paid out of the estate of the debtor, in the hands of a receiver appointed by the court.

Where the interests of the parties to a suit are adverse, nothing beyond legal taxable costs can be allowed by one party as against another. Neither does the court allow extra counsel fees, to be paid to the complainant's counsel, out of a fund in court belonging to a defendant, except in those cases where the counsel has been employed to recover or create such fund for the joint benefit of both parties.

As a general rule, a receiver appointed in a cause should not employ the solicitor of either of the parties in the suit to assist him in the discharge of his duties as receiver.

Upon the equity of the statute allowing interest to be collected upon executions, issued upon judgments rendered on contracts or on prior judgments, complainants in chancery are entitled to interest upon decrees in similar cases; and the decree should be so drawn as to direct the payment of interest, upon the amount decreed, until such amount is paid according to the directions of the decree, so that the interest may be levied upon the execution.

Where a creditor's bill is filed to obtain satisfaction of a judgment against the defendant, in an action of tort, upon which no interest could be levied upon the execution at law, the complainant is not entitled to interest in this court, until the final decree directing the payment of the debt and costs out of the defendant's property; except in those cases where the defendant has fraudulently assigned or transferred his property, which might otherwise have been reached by an execution upon the judgment.

As a general rule, the court of chancery does not allow interest on unliquidated demands, or on judgments upon which interest could be levied upon an execution at law.

THIS was an application, on the part of the complainant, for an order requiring the receiver appointed in this case, to pay, out of the fund in his hands, interest on the judgment for the satisfaction of which this suit was brought; and also the complainant's reasonable counsel fees, which he had expended in the prosecution of the suit. The judgment was ob-

*January 19.*

1836.
Ryckman
v.
Parkins.

tained in an action of slander, in January, 1833, and the execution was returned, nulla bona, a few days thereafter. The bill in this cause was filed on the 21st of February, in the same year, and an order for the appointment of a receiver was subsequently made. On the 21st of June, 1833, a final decree was made, upon the bill taken as confessed, directing payment, by the receiver, out of the funds of the defendant in his hands, of the amount of the complainant's judgment, with the costs of this suit. The receiver afterwards paid over to the complainant his-taxable costs, together with the principal of the judgment in the slander suit. And upon an ex parte application for the payment of the interest and counsel fees, as it appeared that several other creditors' bills had been filed against the defendant since the commencement of this suit, the chancellor declined making any order; but permission was given to the complainant to renew the application upon due notice to all parties interested in such application. Such notice having been given,

*J. Rhoades*, for the complainant, renewed the motion, both as to interest and counsel fees. He insisted that the proceedings in this case were in the nature of a suit on the judgment, in a court of law; in which suit interest might be recovered, by way of damages, for the detention of the debt.

*J. L. Graham*, the receiver, submitted the rights of the defendant, and others whom he was supposed to represent, to the decision of the court; insisting, however, that the allowance of the counsel fees to the complainant, beyond his taxable costs, would be unprecedented in such a case.

*I. Williams*, for H. Thison and R. Stephenson, the complainants in two of the subsequent suits, opposed the application.

THE CHANCELLOR. There is no foundation whatever for the claim for payment of the complainant's counsel fees, out of the fund which belongs to the defendant, or to his other judgment creditors. If the receiver has employed any of the

complainant's counsel to assist him in the recovery or protection of the fund, in the performance of which services they have acted as his counsel, and not in the character of solicitors or counsel for the complainant, they must look to the receiver for payment. As a general rule, however, the receiver is not allowed to employ the solicitors of either of the parties in the suit to assist him in the discharge of his duties. The solicitors of the several parties are bound in duty to their clients to watch the proceedings of the receiver, and to see that he faithfully discharges his trust. The undertaking to act as the solicitor or counsel for the receiver, under such circumstances, would therefore frequently cast upon the person thus assuming to act, inconsistent and conflicting duties; both of which duties could not properly be discharged by the same person. As between party and party, the counsel for the complainant has in no case a right to be paid extra counsel fees out of a fund belonging to a defendant, except where the counsel has been employed to obtain or create such fund for the joint benefit of both parties. Where the interests of the parties are adverse, nothing beyond the legal taxable costs can be allowed by one party as against the other. The application for counsel fees must therefore be rejected.

The decree in this case, which was final as to the right of the complainant to obtain satisfaction of his judgment out of the defendant's property, directed the payment of the amount due on the judgment at the date of the decree ; to be paid by the receiver out of the effects of the defendant. And if that payment was delayed for the purpose of getting in the estate, and converting the same into money, it is right and proper that the complainant should be paid the legal interest upon what was then due, until the debt was actually paid. The statute allowing interest to be collected on executions, on judgments rendered upon contracts or upon prior judgments, (2 R. S. 364, § 9,) does not, in terms, extend to executions issued upon the decrees of this court. But upon the equity of that statute, the complainant is entitled to interest upon a decree in such cases. And the decree should be so

drawn as to direct the payment of interest on the amount de-
creed, until the principal is paid according to the directions
contained in the decree; so that the interest may be levied
upon execution. In the present case, as the fund is in the
hands of the officer of the court, he may be directed to pay
the interest which accrued after the date of the decree, al-
though the decree itself contained no express direction to that
effect in case the payment should not be made immediately.

Whether the complainant is entitled to interest, intermedi-
ate the docketing of the judgment and the entry of the final
decree of this court, depends upon the question as to what
was the amount due upon the judgment at the time the de-
cree was made. That is, the amount which the receiver was
then directed to pay. And if no interest was then due upon
the judgment, none can be allowed under this decree, which
cannot be altered except upon a rehearing. If the judg-
ment had been founded upon contract, the plaintiff would
have been entitled to interest thereon; and the amount due at
the date of the decree would, in that case, have been the ag-
gregate amount of the judgment and the interest thereon from
the time such judgment was rendered. But, upon a judgment
in tort, no interest is recoverable, except as damages for the
detention of the debt. And a decree for the payment of the
amount of a judgment, in such a case, but containing no di-
rection as to the interest or damages, would only authorize the
collection of the original judgment. In *Stafford* v. *Mott*, (3
*Paige's Rep.* 100,) which is somewhat analogous to the pres-
ent, I arrived at the conclusion that a direction to a master to
ascertain the amount due on a judgment, which judgment
did not, per se, carry interest, was not a direction to compute
and allow interest; but that the amount due on a judgment
in tort, was the sum for which such judgment was entered,
including the costs. As a general principle, a court of equity
does not allow interest on unliquidated demands, or on judg-
ments upon which interest cannot be levied by execution.
But when the demand has been liquidated by the report of a
master, or the decree of this court, it is the usual course here
to allow interest from that time. (*Hunn* v. *Norton, Hopk.
Rep.* 344.)

The statute, under which the bill in this cause was filed, authorizes the court to decree satisfaction out of the defendant's effects and choses in action, &c. of the sum remaining due on the judgment. In ordinary cases, therefore, the court will not decree the payment of precedent interest, upon judgments in tort; except in those cases where the defendant has fraudulently assigned or transferred his property, which would otherwise have been liable to the execution at law. In this case, it is not alleged, or even suggested, that the defendant ever had any property in this state which was liable to be sold upon execution. Neither has he delayed the complainant in obtaining his decree, by a vexatious defence or protracted litigation. There is nothing shown, then, to sustain the claim for interest prior to the decree, or to take this case out of the general rule. This part of the complainant's claim must therefore be disallowed. And as he has succeeded only as to a part of his application, and has subjected the fund belonging to others to the expense of opposing the residue of his claims, the costs of the motion are not allowed to him; which costs would have been allowed, if he had limited his claim to the interest, on the judgment, which has accrued subsequent to the decree for payment.

An order must be entered directing the receiver, out of the fund in his hands, to pay interest on the amount of the judgment from the date of the decree, and on the costs from the time of taxation, to the time when actual payment was made. The costs of Thison and Stephenson, in opposing this application, are also to be taxed and paid by the receiver out of the fund in his hands. And the trust of the receiver is then to be considered at an end, so far as concerns the complainant in this suit; but not as to other suits, in which he has been appointed the receiver of the defendant's estate and effects.