The Bank of
Monroe
v.
Schermer-
horn and
others.

The Albany
City Bank
v.
the same.

# THE BANK OF MONROE *vs.* SCHERMERHORN and others.

# THE ALBANY CITY BANK *vs.* The same.

An order regularly obtained for the appointment of a receiver, and the appointment perfected, and the receiver acting as such under his appointment for several months, will not be vacated, either because the solicitor for the complainant acted as counsel for the receiver upon some questions, nor because the bail bond, taken by the master, is alleged to be inadequate in the amount of its penalty.

A party to a suit, or a party interested in a suit, should not usually be appointed a receiver in the cause, unless the exigencies of a particular case make it proper; but when a party interested in a suit, a stockholder in a corporation plaintiff has been appointed receiver, without knowledge of the fact that he was such stockholder, and has acted as such for some months, such receiver will not be removed immediately, but it will be referred again to the master with liberty to propose the same receiver, and the receiver will, in the mean time, have the custody and charge of the property.

*G. H. Mumford,* for complainants.

*Graham & Sandford,* for def't Schermerhorn.

THE VICE CHANCELLOR.   It appears from the papers before the court that an order was made in these two causes, upon application of the complainants, and upon due notice to the defendants, some time last spring, for a reference to a master to appoint a receiver in these causes. This application was opposed by the defendants, but was granted. Soon afterwards a summons was served upon the agents of the defendants' solicitor, with the proper underwriting, to appear before the master to appoint

a receiver in these causes. Upon the return day of the summons the defendants did not appear, and upon the nomination of the complainants counsel, the master appointed Elias Pond receiver in these causes, and took from him security in the sum of $20,000, and Pond entered upon the duties of that office. The property of the judgment debtor (Schermerhorn) consisted principally of incumbered real eastate, situated in several of the western counties. The affidavits differ widely as to the estimate of the value of this real estate, over and above prior incumbrances; but the most that the receiver could realize from it, without the further order of this court, was the rents which might accrue thereon, which are estimated at about $5,000 per annum. Subsequent to the appointment of Pond, as receiver, it was discovered that he was both a stockholder and director in the Bank of Monroe, but the fact was not known by the complainants' counsel, until served with the papers for this motion. The complainants' counsel also acted as counsel for the receiver on some questions connected with the securing of the property in his charge. The solicitors for the defendant Schermerhorn, made affidavit that they were ignorant that Pond was appointed receiver, until October last, though it would appear that Schermerhorn, himself, knew of the fact as early as June or July last. The counsel for Schermerhorn, now move to vacate the order for the appointment of Mr. Pond as a receiver, and to refer it back to a master to appoint a new receiver, or that the security given by the receiver for the faithful performance of his trust be increased.

This motion presents various questions. From all the papers it is quite apparent that the proceed-

Dec. 1840.

The Bank of
Monroe
v.
Schermer-
horn and
others.
The Albany
City Bank
v.
the same.
ings to appoint a receiver have been regular, and in the usual form. On the motion to appoint a receiver, the defendant attended and opposed. Being unsuccessful in his opposition, he paid no further attention to the proceeding, but suffered the measures to be taken for his appointment to be perfected, and the receiver to enter upon the discharge of his duties without inquiry or question.

After such a lapse of time, is there now any sufficient reason for setting aside this appointment. One reason urged is, that the counsel for the complainants has on some occasions acted as counsel for the receiver. It would appear, indeed, from several authorities, (Edwards on Receivers, 93; Matter of Ainsley, Receiver, 1 Edwards Rep. 576; Ray vs. Macomb, 2 Edwards Rep. 165; and Rychman vs. Parkins, 5 Paige Rep. 543,) that generally it is improper for the counsel of either party to the suit, to act as counsel for the receiver in such suit. There may be in some cases reason for this, as in some instances the interest of the party and the receiver may be adverse. There may be other prudential reasons arising out of the question of costs, but the fact of such employment, unless it was perverse and collusive, can hardly furnish sufficient ground for removing a receiver after he has been once appointed and entered upon his duties.

Next, the defendants suppose the bond to be insufficient. The master doubtless fixed the penalty of the bond at a sum which he thought amply sufficient to protect the interests of all the parties. The defendants themselves did not appear to make any objection; and I am now, with all the facts before me, inclined to think the penalty of the bond large

enough. The estate that goes into the receiver's hands, is almost entirely real estate. This the receiver cannot sell without the order of the court. He can only get into his possession the rents, and of these he is not likely soon to receive an amount greater than his bond will cover. There is no suggestion of insolvency, or irresponsibility, or bad faith on the part of the receiver. If the rents should accumulate, or if real estate should be ordered to be sold, provision can be made in future for the protection of the interests of the parties. At present I see no reason to increase the receiver's security, much less to vacate the order for his appointment on this ground.

The grave objection, however, is, that the receiver is a stockholder and director in one of the corporations complainant. It is unquestionably a usual and sound rule, that a party to the suit or a party interested in the suit, should not be appointed a receiver. This officer should be indifferent between the parties, and not be tempted to be swerved by self-interest from the independent and impartial performance of his duties. No authorities can be needed to sustain such a proposition. It commends itself to every ones' notions of justice and propriety. In the case of the Attorney General vs. The Bank of Columbia, 1 Paige, 511, the Chancellor embodied it in his order, that none of the officers of an insolvent corporation should be appointed a receiver of its effects. It is true that reasons might exist in such a case, which cannot be presumed to exist in this; but still, without some strong reasons, the rule should apply to all cases. There are many cases where this rule is made to bend to the exigencies of the particular case; and in such cases it has been usual

47

Dec. 1840.

The Bank of
Monroe
v.
Schermer-
horn and
others.
The Albany
City Bank
v.
the same.

to embody it in the order, that the party or person interested may be proposed as a receiver. In this case there was no such special provision in the order, from the fact that it was not at that time known that Mr. Pond was a corporator in the Bank of Monroe. The only question which can admit of any doubt here, is, whether the defendant has not, by his neglect to attend upon the master's summons, and his silent acquiescence in the appointment, given it his virtual sanction, as to most questions I should so hold ; but I consider it a dangerous precedent to permit the, in fact, exparte appointment of a party as a receiver. It might be sanctioned if the whole facts were before the master, and the defendant had in fact made his objection there. I cannot but foresee, that in this case, it will probably be injurious to the interests of all these parties to remove the present receiver, and appoint another. The present receiver has spent a great deal of time—has made himself familiar with the property entrusted to his care, and has acquired an information in relation to it, and its complicated details, and the circumstances of the numerous tenants, which a new receiver would be some time in acquiring. Neither is there any objection to his fidelity, responsibility, or fitness for the office—or any complaint of an improper exercise of its powers—or an improper discharge of its duties. But as before remarked, it would be a dangerous precedent to continue him without giving the opposite party an opportunity to make their objections before the master. Upon a new reference to the master, circircumstances may appear to be such that it would be proper to reappoint the same receiver. I shall order, that upon the application of

Schermerhorn, it be referred again to the same mas- <span style="float:right">Dec. 1840.</span>
ter to appoint a receiver in these causes, and the
whole question, as to security, is to be considered
as open before the master, with liberty to the com-
plainants to propose the same receiver already ap-
pointed. In the mean time, as the interests of the
estate imperatively demand it, the present receiver
is to continue in the discharge of his duties, until a
new receiver shall be appointed, and his appointment
perfected.

Inasmuch as these new proceedings are rendered
necessary by the neglect or default of the defendant
Schermerhorn, the costs attending such reference,
and $10 costs for this motion, are to be paid by him.