GREEN, Receiver, &c. *v.* BOSTWICK.(*a*)

A receiver is appointed for the benefit of all parties interested in the fund. He is not the agent of the complainant in the suit in which the appointment is made, or under his control.

A receiver in a judgment creditor's suit, may pursue, by a suit in this court, in his own name, funds of the debtor which have been fraudulently disposed of. And this may be done, although the creditor might, by amending his bill, impeach the same fraudulent transaction. The receiver may proceed thus, without the creditor's assent; such assent being important merely for his protection in regard to costs.

Oct. 23 ; Nov. 8, 1843.

THE case came before the court on a demurrer to the bill for want of equity. The opinion delivered contains a summary of the bill.

*P. Bronson,* in support of the demurrer.

*J. C. Brown* and *A. Worden,* for the complainant.

THE ASSISTANT VICE-CHANCELLOR. — I can discover no good ground for the demurrer in this case. Divested of some extraneous statements, the bill exhibits these facts.

The complainant was appointed the receiver of R. S. Bostwick, in an ordinary judgment creditor's suit instituted against him by R. A. Robertson; and Bostwick executed the usual assignment to the receiver. After Robertson's debt accrued, the defendant was indebted to R. S. Bostwick in three notes amounting to $3200, which had several years to run. About the time Robertson commenced his action at law, in which he recovered his judgment against R. S. Bostwick, the latter with the intent to delay and defraud his creditors, surrendered and gave up those notes to the defendant, pretending that they were paid,

---

(*a*) This case and the succeeding four causes, were heard at a special term, held at the village of Auburn, in the county of Cayuga, on the fourth Monday of October, 1843.

but, in fact, without any payment or consideration; and thus extinguished and destroyed the evidence of the defendant's indebtedness to him. The defendant colluded with R. S. Bostwick in his purpose to defraud creditors by the giving up of the notes. The complainant claims to be entitled to the notes, (the time of payment of two of which had arrived before the bill was filed,) and insists that the defendant ought to pay or secure them to him; and he prays a discovery as to these allegations.

The defendant objects, *first*, that the complainant has a perfect remedy at law. If this were true, it would be no answer to the bill, as this is a case of fraud, in which equity has concurrent jurisdiction. (1 *Story's Eq. Jur.* 194–5, § 184.) It is, therefore, needless for me to point out the many difficulties, and probably insurmountable obstacles, which the complainant would encounter in a suit at law for the recovery of the amount of these notes, or of the indebtedness for which they were given.

The next objection is that the remedy against the defendant, if pursued in this court, should have been sought by Robertson, the judgment creditor, by an amendment to his bill.

I think such an amendment would have availed Robertson in his suit, but the condition of the latter does not appear sufficiently here, to enable me to say that such a course would have been prudent for him, or even proper. If his suit were at issue before the discovery of the matters now in controversy, his amending would have been in the discretion of the court, and on payment of the costs of the motion for leave and of a further answer.

If the proofs were closed in his suit, the difficulty would have been enhanced.

I have no doubt but that the receiver may, with the assent of the creditors interested, institute such a proceeding as this, *suo motu.* And the assent is merely for his own protection in regard to costs. The persons sued by him have nothing to do with that.

A receiver, appointed by the court, is appointed on behalf of all the parties. *Davis* v. *The Duke of Marlborough,* (2 Swanst. 125, per Lord Eldon.) The money in his hands is in the custody of the law, for whoever can make out a title to

it.. It may ultimately go to Robertson in this instance, or it may be decreed to belong to some more vigilant creditor. It by no means appears that it will presumptively belong to Robertson. And so far from the receiver being the agent and mere creature of Robertson, in whose suit he was appointed, he will not usually be permitted to employ the same solicitor or counsel as are retained by either of the parties in that suit. *Ryckman* v. *Parkins*, (5 Paige, 543 ;) *Ray* v. *Macomb*, (2 Edw. Ch. R. 165.) A receiver, appointed on a creditor's bill, has, in our Court of Chancery, a general power to sue for all demands belonging to the debtor. (*Rule* 192.)

The demurrer must be overruled with costs, and the defendant will answer the bill in twenty days.