Mason, J. (At chambers.)
The order in this case limited the compensation of the receiver to a commission, such as is allowed to executors and administrators, and the well settled construction of the statute on the subject of the commission of *674 executors and administrators is to allow five per cent, for receiving and disbursing the first thousand dollars, two and a half per cent, upon the next four thousand, and one per cent, for the residue. The receiver has, however, retained five per cent, on all sums of $1,000 and from two to four per cent, on all sums of $2,000 and upwards-, and it is contended, that, as the order directed him to deposit the moneys collected by him in the Hew York Life Insurance and Trust Company as the same should from time to time be received; each deposit must be considered in the light of an annual rest. The object of annual rests is to strike a balance, and charge the executor or trustee with interest on the sum which may be found in his hands at the end of every year, and, in such cases, full commissions are allowed. But this is the first time, wé believe, that it was ever gravely contended, that a mere deposit in bank was in the nature of an annual rest. Besides, here the deposits occur every three or four weeks, as often as the receiver had collected a thousand dollars. This ease is very similar to that of the receiver of the Bank of Niagara, (6 Paige 213,) the order for whose appointment contained the same clause in relation to his commission as in the order before us. The receiver, in that case, had charged, and the master had allowed full commissions of five per cent, on all the receipts and disbursements; but the chancellor held, that the receiver could only charge the statutory allowance on the gross amount of his receipts and disbursements, unless he had rendered periodical accounts of his trust, in conformity with the standing rule of the court, or the account was directed to be taken with annual rests for the sake of charging him with interest on the balances in bis hands. The commissions in the present case must be charged therefore in the usual way, as that receivership did not here continue more than a few months.
(The judge then proceeded to examine other points which were not involved in the appeal.)
The charge of $50 paid as a counsel fee to Mr. Cutting is objected to on the ground that Mr. Cutting was counsel for the *675 defendants in the suit in which the receiver was appointed. It xvas admitted on the argument, that this sum was not paid as a fee to Mr. Catting for advising and assisting the receiver in the general duties of his trust, but as a specific fee for sendees in relation to the joint fund in which both plaintiffs and defendants xvere interested. He was not engaged then, adversely to either of the parties to the suit, but to advance the common interest of both, and his employment did not come xvithin the principle of the rule which prohibits the receiver from employing the solicitor or counsel of either of the parties to the suit in xvhich he is appointed receiver. Indeed, Chancellor Walworth, in Ryckman v. Parkins, (5 Paige 543) xvhile stating the rule in broad and general terms, exjmessly excepts from its operation the case of the counsel of one of the parties being employed to obtain or create a fund for the joint benefit of both parties. This payment must therefore be allowed.
By the Court. Oakley, Ch. J.
(On the appeal.)We concur fully xvith the views expressed by the judge at chambers, in respect of the receiver’s right to make rests and begin with full commissions every time he made a deposit. This was plainly inadmissible, and he must abide by the direction given by the order appealed from. He is, hoxvever, entitled, in addition to those on the money received and paid, to commissions on the value of all the assets taken out of his hands by the order settling the suit, and delivered to the parties. These were book accounts and other things in action, not yet converted into money. (Matter of Pe P&yster, 4 Sand. Ch. R. 511.) If the parties cannot agree upon the value of these effects, we will appoint a referee to ascertain it.
Ho question xvas made before us, as to the propriety of the allowance of the counsel fee paid by the receiver.
Order accordingly.