McAdam, J.
The plaintiff claims that John Boker, a former husband of hers, and ivho is now deceased, was a partner of the defendant, and that prior to his death he transferred his interest in the partnership to the plaintiff. She prays for a dissolution of the firm, a receiver and an accounting. The defendant, in his answer and in his opposing affidavit denies that any such partnership existed. The plaintiff applies for a discovery and inspection of the defendant’s books on the theory that they belonged to the alleged partnership. The rights of parties to suits in equity are in the first instance determined by the court, and if it then appears that accounts must be settled in order that a complete disposition may be made of the cases, an interlocutory decree is entered, declaring such rights, the manner in which the accounting is to be had, and referring the action to a referee, before Avhom the account is to be taken (1 Barb. Ch. Pr. 327; Baylies, Tr. Pr. 305). The discovery is material only on the accounting and not on the trial of the issues, and the defendant is entitled to have the issue as to the alleged partnership determined before he can be required to produce his books for inquisi *242 torial purposes. It would be an abuse of discretion to order the discovery applied for. Application denied •with ten dollars costs to abide the event.
Edward Grosse, attorney, and John W. Goff of counsel, for appellant, argued:—
I. The learned judge erred in.refusing the order on the ground that “ the discovery is material only on the accounting and not on the trial of the issues.” 'Clearly the learned judge has misapprehended the nature of the application and the facts upon which it was founded. The issue is the partnership and the accounting is but incidental to the determination of the issue. The discovery was not sought for the purpose of enabling plaintiff to compute the amount due her but to adduce the proof which would sustain her case. The plaintiff alleges that her assign- or was a partner; that is denied by the defendant. Therefore the issue is the partnership. The books, etc., are witnesses which will prove the partnership, and their discovery is, therefore, material to the issue. From the nature of the case they are the only witnesses that can give testimony material to the issue. And without their testimony plaintiff cannot properly prepare for or safely go to trial. In the absence of a written agreement the issue of partnership or not is to be determined by ascertaining the intentions of the parties as manifested by their transactions, and these transactions have been recorded in the books and are thereby made primary evidence of the contract. Salter v. Ham, 31 N. Y. 321; Phillips v. Phillips, 49 Ill. 437; Frick v. Barbour, 64 Pa. St. 120. The acts of the parties between themselves are decisive as to their relations; upon the evidence of those acts the court must determine the ’ question, but the evidence must be first presented; without it the court cannot pass a judgment on the facts. The books contain this evidence. Therefore *243 this evidence is material to the issue. The learned judge says in his opinion: “ The rights of the parties to suits in equity are in the first instance determined by the court, and if it then appears that accounts must be settled, an interlocutory decree is entered, etc.” True, but the plaintiff seeks the discovery to enable her to prove her right in the first instance. If her right be not proved in the first instance, the materiality of the discovery upon the accounting is of little consequence.
II. The learned judge erred in determining that “ the defendant is entitled to have the issue of the alleged partnership determined, before he can be required to produce his books for inquisitorial purposes.” Suppose that there had been a written contract of partnership and that it was in the possession of the defendant, would he be entitled to have the issue of partnership first determined before he could be required to produce the contract ? The books are as essential and material to the issue as a written contract, because they contain the evidence of the contract.
III. The granting of the order would not have been “ an abuse of discretion,” but its denial was a failure to properly exercise a discretion in affording to a party a remedy which was a legal right. “ A party applying for a discovery under the statute may, by making a case provided for by them and the rules of the court, became entitled to the remedy as a matter of right.” Hoyt v. American Exchange Bank, 1 Duer, 652; Keeler v. Dusenbury, 1 Ib. 660. No criticism has been made that the petitioner failed to comply with any of the requirements of the statute or rules of court. The ground of the refusal was that the discovery was not material to the trial of the issues. As it is manifest that the discovery is material to the trial of the issues, the objection falls and the petitioner is legally entitled to the relief-
*244 The object of the law, as it is, is to enable each of the parties to secure a full and fair examination of such papers or documents as the other may have in his possession or under his control, if they are material to the interests of the party and relevant and material to the matters involved in the pending litigation. Wait’s Pr., vol. 2, 523; Townsend v. Northage, 1 Civ. Proc. Rep. 181.
IV. Whenever it appears that a trust relation existed, or one implying confidence, such as between principal and agent or co-partners, and that one of the parties is in possession of books and papers relating to the subject matter, courts of equity as well as of law will order a discovery. The case of Kelly v. Eckford, 5 Paige, 548, is considered a leading one on this question. The action was by an assignee of a partner for an account and settlement of the partnership. The Chancellor ruled: “ In the case of partnership books and papers, it is the constant and uniform practice of this court, upon the application of either party, and in any stage of the suit, to order the adverse party to deposit any of the partnership books and papers—which belong equally to both—for examination and inspection.” To the same effect are : Watts v. Lawrence, 2 Paige, 159; Eager v. Wiswall, 2 Ib. 369; Terry v. Rubbel, Sup. Ct., 12 Legal Obs. 138. In Babbitt v. Crampton, (Supreme Court General Term, First Dept., 1 Civil Pro. Rep. 169, action for an accounting—confidential relation—fraud alleged), discovery of books was allowed to enable defendant to disprove allegations in the complaint on the trial. In Gould v. McCarty, (reported in 11 N. Y. 575, action in the N. Y. Supreme Court for damages for non-delivery of stock; after issue plaintiff petitioned for discovery of books, etc., containing entries relating to the stock) the court granted the order, which the Court of Appeals affirmed. In Case v. Banta, 9 Bos. 595 (action for *245 breach of warranty-), the court say: “If it is established to the satisfaction of the court that any book in the possession or under the control of the adverse party contains evidence relating to the merits of the action, it seems free from doubt, if it is otherwise competent evidence, that its production for inspection by the opposite party may be compelled. In Newman v. Newman, 20 Week. Dig. 288 (action by representative of deceased partner for an accounting), held that discovery of books, etc.,' should be had at instance of plaintiff. In Ahlmeyer v. Healy (N. Y. C. P. Genl.. Term, 12 N. Y. State Rep. 687, action for damages) plaintiff sought to show that defendant was proprietor of the business. He was examined before trial. On such examination he made several references to entries in his books relevant to the question of ownership. Plaintiff moved for discovery of the books. Held she was entitled, the court saying: “ A discovery is proper, when facts and circumstances warrant a presumption, that a book or document contains evidence that will prove or tend to prove some fact that the party applying is bound to establish. Absolute proof “ that the documentary proof exists is not required.” Citing Lefferts v. Brampton, 24 How. 257; Union Paper Collar Co. v. Metropolitan Co., 3 Daly, 171.
V. The production of the books, etc., upon the trial under subpoena duces tecum would not aid the plaintiff or enable the court to determine the case on its merits. The books are numerous, and cover a period of thirty years. Many of the letters and papers are in the German language. To properly examine the books, make extracts therefrom and translate the German writings would require the services of an expert, and at least two weeks’ time. An examination and inspection before trial will enable the plaintiff to properly prepare the evidence and present the material entries in proper order. An *246 examination of the books and papers before trial will economize time at the trial and tend to elicit the facts with greater certainty. Union Collar Co. v. Metropolitan Co., supra; Exchange Bank v. Monteith, 4 How. 280; Clyde v. Clyde, 14 Hun, 146. “ When the accounts, for the discovery of which an application is made, are of extensive transactions, and time is necessary for their examination and the proper preparation of the case for trial, the fact that the books containing them can be produced at the trial by means of a subpoena duces tecum, will not defeat the application for discovery.” Duff v. Hutchinson, Supm. Ct. Genl. Term, 18 Week. Dig. 20. The petition is verified by the plaintiff and contains all the necessary allegations in compliance with the statute and rules of court to warrant the discovery and inspection.
James McG. Smith, attorney, and Austin Abbott of counsel, for respondent, argued:—
I. Plaintiff does not establish a prima facie right to any interlocutory relief.' The complaint is unverified. The petition states its contents, but does not allege that any part of it is true. The body of the petition is entirely on information and belief, and does not state any facts showing plaintiff’s right to call defendant to account. Plaintiff claims to be an assignee of a partner, but she knows neither the par - nership nor her assignment, though both are challenged. She ignores the defence set up in the answer that the assignment to her was merely as collateral and that her debt has been paid. She does not produce her alleged assignment nor inform the court as to its terms and what it purports to assign to her. It is an elementary rule that the court will not award a plaintiff any provisional remedy or interlocutory relief by order without proof upon some one’s oath that plaintiff has a cause of action, and that there are *247 good reasons for granting the relief in the particular case. This general rule is followed in the statute as to discovery. Code Civ. Pro. § 805 requires a petition “verified by affidavit.” This means an affidavit of an affiant who has knowledge, and not one who merely believes. Fox v. Brega, 23 State Rep. 833; Wilkie v. Moore, 17 How. 480; 1 Bliss Code, 1000. A general assertion in an affidavit upon information and belief proves nothing. Mowrv v. Sanborn, 65 N. Y. 581, 584; Rome, W. & O. R. R. Co. v. City of Rochester, 46 Hun, 149. The criticism of the court upon the papers in Churchman v. Merritt, 21 State Rep. 729, applies with especial force to the case at bar. The statement in the petition that the defendant’s deposition is the source of petitioner’s information does not strengthen the case. The disposition itself should have been presented or its contents stated. The present petition merely states the conclusion of the affidavit as to its effect. This form of proof has recently been condemned by the general term of the Supreme Court in this district. McColloh v. Aeby & Co., 31 State Rep. 125, and by many previous cases; De Worth v. Feldner, 16 Abb. 295; Bennett v. Edwards, 27 Hun, 352.
II. Defendant’s opposing affidavit clearly shows that plaintiff has no cause of action. It shows that John Boker was never a partner with defendant in his present business. That he never claimed to be a partner : but swore that he was not. That he assigned all claim against defendant to a third person before the alleged assignment to plaintiff. That plaintiff’s alleged assignment was merely as collateral to a note held by her, which note was subsequently paid by her husband, John Boker, with moneys supplied by defendant. These allegations are entirely uncontradicted. They are all made positively on defendant’s oath. They cannot be ignored.
III. Relief by discovery is unnecessary at this *248 time. The discovery sought is material only on an accounting, and not on the trial of the issues. If the court finds on the trial that plaintiff is entitled to an accounting, it will, in the ordinary course of practice, render an interlocutory judgment directing such accounting before a referee. Defendant is entitled to have that issue determined before being further harrassed. This position is fully sustained in the opinion rendered by the learned judge at special term on denying the application. An alleged partner must establish the existence of the partnership before he can maintain an action for an accounting. 1 Collyer on Partnership, 51 (n.). “ An action by one partner against another for an account of the dealings and transactions of an alleged partnership may be met by the denial of the existence of any such partnership. This defence, if relied upon as a reason for not answering interrogatories or making a discovery of documents, must be accompanied by statements on oath denying those allegations, which, if true, would establish the partnership, and deny the possession of documents relevant to the question of partnership or no partnership.” 2 Lindley on Partnership, 961. The affidavit submitted by the defendant in this case goes further than is required by this rule. It not only denies the existence of the partnership, but denies that plaintiff succeeded to the interest of the alleged partner. It is apparent from the papers that whatever the rights of John Bolter may have been, the plaintiff never succeeded to them. The assignment to her fell when the debt to which it was collateral was satisfied and paid. It has been stated in some cases that discovery of partnership books is a matter of course in an action for a partnership accounting. Stebbins v. Harmon, 17 Hun, 445 ; Kelly v. Eckford, 5 Paige, 547; but in these cases there was no denial of the partnership. The court must first determine that the partnership *249 exists, and then only proceed to take the account. McCall v. Moschowitz, 10 Civ. Pro. R. 107, 140 ; Marvin v. Brooks, 94 N. Y. 71. In this case the court might, and probably would upon the trial, order the trial of the issues as to the plaintiff’s status first, as authorized by Code Civ. Pro., § 967.
IV. The court, in its discretion, properly refused the application. Its granting was not a matter of right, but rested in the discretion of the court. It should only be granted when indispensably necessary. Harbison v. Van Valkenburgh, 5 Hun, 454 ; 1 Bliss, Code, 998. Plaintiff has already been accorded an examination before trial which has been pursued to extraordinary length. On such examination she was permitted to examine all books which have any bearing on the main issues. The court should not further aid her until her own status has been established.
By the Court.—Freedman, J.
This action having been brought by the assignee of the right of action to an accounting of an alleged partner in a co-partnership already dissolved by the death of one of the partners, and the defendant having been already examined as a party before trial at the instance of the plaintiff, and having fully and circumstantially denied the partnership, relations, and no competent evidence having been adduced that the books and papers sought to be discovered do contain entries establishing or tending to establish the existence of a co-partnership between plaintiff’s assignor and the admitted partners, the motion for a discovery and inspection was properly denied. The order appealed from should be affirmed, with costs, on the opinion filed by the learned judge at special term.
Sedgwick, Ch. J., concurred.