<hr/>

## SUPREME COURT.

### Welles, Executor, &c., agt. Webster.

*It seems*, that under the Code, where the plaintiff sues as executor or adminis-
trator, it is not necessary to make *profert of letters testamentary*, or of *ad-
ministration*.

If such profert were necessary, the omission to make it is not a ground of *de-
murrer*, where the complaint shows the plaintiff is such executor or adminis-
trator. The *allegation* of such fact is sufficient.

*Duplicity* is no longer a ground of *demurrer* to a complaint.

Where the complaint alleged that the several sums of money mentioned were
received by the defendant upon and for the demands, property and choses in
action, which belonged to the testator—*held*, that the objection, that several
causes of action were improperly united, because one of the notes set forth was
made payable to the plaintiff *individually*—not as executor, could not be sus-
tained.

*Steuben Circuit and Special Term, May,* 1853. Demurrer to complaint.

The complaint alleges that the plaintiff is the executor of the last will and testament of Isaac Webster, deceased, and that he has been duly and legally authorized to act as such executor. It then states that the defendant is indebted to the plaintiff as such executor, on the demands and in the sums of money below specified, together with interest, &c., that is to say :

One note of hand made by the defendant on the 9th of No-

vember, 1834, for seventy dollars, payable to Isaac Webster, or bearer.

One note of hand payable to the plaintiff for $11,24, and dated the 31st day of May, 1849. One hundred and thirty-seven dollars in cash, received on the Hoover mortgage, January 7, 1845, and so on, setting forth nineteen other items, each varying in amount from eight to two hundred and twenty dollars, and accruing at different times. The complaint then concludes as follows:

" And the plaintiff says that the above several sums of money were received by the defendant upon and for the demands, property and choses in action, which belonged to the said Isaac Webster, deceased, in his lifetime, and that as such executor, as aforesaid, he has demanded payment and settlement of the same of the said defendant, and that he, the said defendant, has wholly neglected and refused to settle and pay the same. Wherefore, the plaintiff demands judgment, &c."

The defendant demurs to the complaint, and specifies the following causes of demurrer:

" 1. The complaint shows that the plaintiff has not legal capacity to sue.

" 2. The plaintiff has failed to show his right to sue, by omitting to make profert of the letters testamentary, issued to him.

" 3. That several causes of action have been improperly united in said complaint.

" 4. That several causes of action have been improperly united in said complaint by putting them all in one count instead of stating said causes of action separately."

R. B. VAN VALKENBURGH, *for Defendant.*

D. J. SUNDERLIN, *for Plaintiff.*

WELLES, Justice. If it is necessary or proper for a plaintiff who sues as executor or administrator, to make profert of the letters testamentary, or of administration, which, I incline to think, the practice under the Code does not require, the omission to do so is not, in my opinion, a ground of demurrer, pro-

vided the complaint shows the plaintiff is such executor or administrator. It is not among the grounds provided by § 144, for which the defendant may demur to the complaint.

Under the former practice, when such profert was required, it could only be taken advantage of on special demurrer, and when the pleading contained the profert, oyer was rarely in practice given, unless demanded. In the present case the fact that the plaintiff is executor, &c., is distinctly alleged, and that, in my opinion, is sufficient. This disposes of the first and second specifications of causes of demurrer.

The third and fourth specifications are equally unfounded. The most that can be said against the complaint is, that it is double. Duplicity is no longer a ground of demurrer to a complaint. The only remedy of the defendant in such case is by motion to strike out, or that the plaintiff be compelled to elect. I am unable to perceive any objection to uniting the various items mentioned in the complaint in one action; whether they could all be united in one count or statement of a cause of action, is not the question to be considered on the demurrer. It is urged by the defendant's counsel that causes of action due to the plaintiff in his character as executor are united with one due to him in his individual capacity, or in his own right. That one of the items is a note of hand payable to the plaintiff, which shows it is due to him in his own right. But this does not necessarily follow. Indeed, the complaint itself shows the contrary. The note, although to the plaintiff, if given for a debt due to the estate of the testator, could be declared on by the plaintiff formerly, either in his individual or representative character. In this case, the complaint alleges that the several sums of money mentioned were received by the defendant upon and for the demands, property and choses in action, which belonged to the testator. If any portion of the complaint is uncertain or indefinite, so that the charge is not apparent, the court has power on motion to order it to be made definite and certain, by amendment, § 160.

The plaintiff is entitled to judgment on the demurrer, the defendant to have leave to answer on payment of costs.