---

ALEXANDER DAVIS v. CHARLES W. KRUGER and another.

The act "to reduce several laws relating to the city of New York into one act," passed in 1813, (2 R. L. 342,) was not repealed by the general repealing act contained in the Revised Statutes.

Section 147 of the first named act, relating to bonds of constables in the city of New York, is, *it seems*, still in force.

The bond thereby directed should be made to the mayor, &c., of the city, and can only be prosecuted after judgment against the constable, and after leave is obtained on motion made in the Court of Common Pleas, in open court.

A bond made to the people, and in the form prescribed by the Revised Statutes, (2 R. S. 346, § 21,) relating to towns; is, therefore, not to be sustained as a statute security.

And a judgment having been recovered, in the name of the party alleged to have been aggrieved by the act of the constable, and in a suit brought without leave of court, and without a previous judgment against the constable; *held*, that a reversal must be ordered.

THIS action was brought against a constable and his surety, upon a bond filed by the former upon the commencing of his

official term. The complaint alleged the execution and filing of the bond, and charged that the constable had neglected to return an execution issued to him upon a judgment obtained by the plaintiff against one McErily.

The trial took place in the Marine Court. The plaintiff recovered, and the defendants appealed. The principal questions in the case related to the form of the bond, which is given in the opinion, and the steps to be taken to fix the liability of the surety before an action can be maintained on the bond.

*Henry V. Vultee,* for the defendants.

*Francis C. Bliss* and *Fairchild Wells,* for the plaintiff.

By THE COURT. WOODRUFF, J.—There is nothing in the return herein to show that there was any variance between the summons and the complaint, and no such objection was raised on the trial. Such objection is purely technical; it was waived by appearing and pleading to the merits.

The other ground of appeal is of graver importance. It is insisted that the bond of the defendants, given to secure the faithful performance of the duties of the defendant, Kruger, as constable of the second ward, is not in conformity with the requirements of the statute, and therefore is not valid as a statute bond. And that if the bond be valid, no action can be sustained thereon, unless the plaintiff first obtain judgment against the constable himself, nor unless leave to prosecute the bond is first obtained from the judge or judges of the Court of Common Pleas, upon motion, in open court.

Upon the revision of our statutes in 1813, the law in relation to the election of constables in the various towns in the state generally, and the bonds they should give, and the manner in which such bonds should be filed and approved, was passed, (2 Rev. Laws, 126,) and by the same revision, "the act to reduce several laws relating particularly to the city of New York, into one act," was also passed, (2 Rev.

Laws, 342,) the 147th section of which provides specially for the bond to be executed by every constable elected or appointed to the office of constable in the city of New York. The two acts stand together, one relating to constables in the towns in the state generally, and the other relating to the city of New York particularly; they are wholly different, and wholly inconsistent with each other, and cannot have effect in the same place. The general law has no application, therefore, to the city of New York. The particular statute passed with especial reference to the city of New York controls the city, and effectually overcomes any reasoning founded upon the suggestions that wards in the city are to be taken as included in the word towns in the general act.

On the revision of 1828, the general law in relation to towns was in substance re-enacted, and the act relating to the city of New York was left unrepealed. (1 Rev. Statutes, 346, § 21; 3 Rev. Stat. 129.) So that the two laws remained in full force (so far as relates to such bonds) as before.

Again, on an examination of title 3, chap. 2, part 1, of the Revised Statutes, (1 R. S. p. 343,) in which § 21 of article 2 is found, it will be seen that few, if any, of its provisions are applicable at all to this city.

The " act to reduce," &c., above referred to, being in full force, provides that the bond to be executed with surety or sureties by any constable, shall be given to the mayor, aldermen and commonalty of the city, in the penal sum of five hundred dollars, and be delivered to the mayor, who shall judge of and determine the competency of the sureties, and file the same with the clerk of the city and county. And in case of any recovery by any person aggrieved, against any such constable, it shall be lawful for the judge or judges of the Mayor's Court, (now for this purpose the Court of Common Pleas,) upon motion in open court, and upon showing that such recovery hath been had, and that the judgment at the time of such motion is unsatisfied, to order the bond to be put in suit, and when judgment thereon is obtained, the said court shall, upon motion in open court, direct so much to be

Davis *v.* Kruger.

levied thereon as will pay the debt or damages recovered by the party aggrieved, with costs, and to be paid to such party. And the act provides for a further levy, upon recovery of other judgments against such constable, upon like motion.

The bond upon which the present action was brought is framed in accordance with section 21 of the statute relating to towns above referred to, (1 Rev. Stat. 346,) incorporating therein the further provision relating to distress for rent in this city, (§ 4 of 2 Rev. Stat. p. 501,) and in relation to militia fines. (Chap. 205, § 39, of Laws of 1847, vol. 1, p. 205.)

It is a bond to the people of the state, and not to the mayor, &c., of this city. It is approved by a supervisor, and not by the mayor. It is in the sum of $1,000, and not of $500. It is not, therefore, the bond required by the act relating to this city ; and can, therefore, find no support as a statutory security.

Under that act those sureties are not liable to the action until after judgment recovered against the constable, and leave to prosecute has been obtained ; and that statute contemplates a recovery, when had, to be in the name of the mayor, &c., of this city, for the full amount of the penalty, whereupon a levy can be made, from time to time, of the amounts which may necessarily be recovered by persons aggrieved by the act or default of the constable.

And, moreover, if this bond does not, in substance, conform to the statute, as clearly it does not, then regarding it as a voluntary bond, there is no warrant for bringing an action thereon in the name of the party aggrieved, although it has been repeatedly held that a suit may be brought on the undertaking required in the act relating to towns, before referred to, in the name of the party aggrieved ; that is, because such undertaking has the sanction of the statute itself, and operates for the benefit of the party aggrieved, in any form, amounting to a substantial compliance with that statute.

It appears to us remarkable, (if it be true, as we are informed,) that bonds, like the present, have come into general use in this city, unless there is some statute on the subject

modifying the provisions of the act relating to the city of New York in this respect. In the multitude of special statutes in force relating to this city, we might reasonably have expected counsel, who rely upon this bond and seek to uphold this judgment, to aid us by pointing us to the statute, if any can be found, warranting the taking of such a bond and prosecuting it, without first obtaining judgment against the constable, and without leave and in the name of this plaintiff. We are constrained to say, that we have not been able to find such a statute; and if we err in holding the " act to reduce," &c., to be still applicable to constables' bonds in this city, it will be for the want of such aid and not from the want of a diligent examination, with the expectation of finding some law which has led to the adoption of this form of bond, when the bond prescribed by such act had been in use for very many years, and down to a recent period.

Our conclusion, under these circumstances, is, that the act in relation to the city of New York, so far as relates to such bonds, (§ 147,) is still in force, and that this judgment cannot be sustained.

*Judgment reversed.*