# THE MAYOR, &c., OF THE CITY OF NEW-YORK *a.* DOODY.

*New-York Common Pleas ; Special Term, December,* 1856.

SUIT UPON CONSTABLE'S BOND.—PARTIES PLAINTIFF.

In an action on an instrument for the payment of money only, the plaintiff is under no obligation to draw his complaint in the mode authorized by section 162 of the Code.

The former rules, relative to profert and oyer, have no application to actions under the Code.

An action upon a bond given by a constable of the city of New-York, to the Mayor, &c., of the city (pursuant to 2 *Rev. Laws of* 1813, 397, § 147] is properly brought in the name of the Mayor, &c., and not in that of the party aggrieved.

Demurrer to complaint.

This action was brought in the name of the Mayor, Aldermen, and Commonalty of the city of New-York, against Michael Doody, a constable of the city, and one Draddy, his surety. The grounds of the demurrer are stated in the opinion.

BRADY, J.—Gustavus Shepard recovered a judgment in the Second District Court against the defendant Doody, a constable of the city of New-York, for seizing his property and selling it under an execution against G. H. Chapin and J. H. Chase, and in this action against Doody and his surety, seeks to obtain satisfaction of that judgment. The complaint alleges the recovery of the judgment in the court named, and the due execution of a joint and several bond by the defendants to the plaintiffs, in the penal sum of $500, conditioned that if Doody should in all things well and faithfully perform and execute the duties of his office of constable without fraud, deceit, or oppression, the said bond should be void, otherwise to remain in force. The complaint also alleges that Doody violated his duty by the seizure and sale already mentioned; that a default has been made in the condition of the bond aforesaid thereby; that the same is forfeited; that a breach thereof exists, and demands judgment for $500 and costs.

The defendant demurs, and insists that the action is improperly brought in the name of the plaintiff,—Shepard, the judgment creditor, being the real party in interest;—that there is nothing in the complaint which shows fraud, deceit, or oppression, on the part of the defendant Doody;—that he made a mistake simply, and his sureties are not liable for such an error. The defendant also insists that this being an action on an instrument for the payment of money only, the complaint is defective in not setting out a copy of the bond, as contemplated by section 162 of the Code.

In reference to the last suggestion, it is enough to say that the sufficiency of pleadings under the Code is to be determined by the rules which are therein prescribed (§ 140), and that section 162 provides merely that in an action founded on an instrument for the payment of money only, it shall be *sufficient* for a party to give a copy of the instrument, and to state that there is due to him thereon from the adverse party a specified sum which he claims. It imposes no obligation, however, to set out the bond, and was designed to facilitate the pleader, not his adversary.

The rules which prevailed in reference to profert and oyer of an instrument, under the old system, have no application to actions under the Code. Section 388 of the Code, and Rules 8 and 9 of the Supreme Court, provide for furnishing copies of papers material to the prosecution or defence, on a proper application therefor, and the defendant, if he wishes a copy of a paper or document, must obtain it in the manner suggested.

The act of Doody, complained of in the court below, was one of official misconduct, which rendered his surety liable on his official bond (The People *v.* Schuyler, 4 *Comst.*, 175). It would be strange, indeed, if the unwarranted seizure and sale of property by a constable, acting in that capacity, was not regarded as an act of oppression; and if the question had not been determined by the court of last resort, I should have held the defendants liable on the bond.

Prior to the Code, an action of debt might be prosecuted in the name of the people on a constable's bond *to the People* without obtaining leave of the court (The People *v.* Holmes, 2 *Wend.*, 281), and an action of *covenant*, in the name of the party aggrieved, on the condition (Lawlor *v.* Erwin, 9 *Wend.*, 233). It was then only a question of form, and the right of the party prosecuting to recover depended upon the character of the action in which he presented his claim. He could sue in the name of the people, if he chose to adopt that remedy. The bond of a constable of the city of New-York is not to the people, but to the Mayor, Aldermen, and Commonalty of the city of New-York; and the statute which provides for the bond (*Laws Relative to the City of New-York*, 499, *ed.* 1833) contemplates an action thereon in the name of the obligees, inasmuch as any other person aggrieved may, after judgment upon such bond,

and who shall have recovered any debt or damages against such constable, apply to the Mayor's Court for relief, and such court shall direct such further sum to be levied on the judgment on such bond, &c., and may, as often as any recovery shall be had against such constable, direct such further levy to be made (*Laws supra*, 499; see Judge Woodruff's opinion in Davis *v.* Haffner, 2 *Abbotts' Pr. R.*, 187, to same effect). The Mayor's Court is the proper tribunal to which application is made for leave to prosecute the bond, and to direct the levy of other judgments than the one which prompted the action on the bond, when a judgment on the bond is perfected. The statute contemplates but one judgment on the bond, and the application to the Mayor's Court by other judgment creditors assimilates to the suggestion of breaches of the condition of a bond after judgment in an action of covenant under the old system.

But independently of this view of the question, section 113 authorizes the commencement of a suit by a person *expressly authorized by statute* without joining with him the person for whose benefit the action is prosecuted, thus vesting in the Mayor, &c., the right to sue, if, without that excepting clause, it might be doubtful whether an action could be maintained on a constable's bond in the name of any other person than the party aggrieved. For these reasons I think the demurrer was not well taken; that the action must be in the name of the Mayor, &c.; and that the plaintiff must have judgment.

Ordered, judgment with leave to the defendants to answer on payment of costs.