# New York Marine Court.

*Special Term—January,* 1877.

## SARAH VALLEAU, as Administratrix, &c., *against* EUGENE C. CAHILL.

An administratrix may unite in the same complaint:
    1. An indebtedness to her as administratrix under a contract with the intestate.
    2. An indebtedness to her as administratrix on a contract with her as such.
A default will not be opened for the purpose of allowing a party to argue a demurrer interposed by him where it is clearly frivolous.

Motion to open default taken upon a motion to overrule a demurrer as frivolous.

*Kissam & Embury,* for the motion.

*Steele & Clarke,* opposed.

McAdam, J.—The plaintiff sues as administratrix of William Valleau, Jr., deceased, and in her complaint declares upon two counts:

1. An indebtedness to her as administratrix on contract with her intestate.

2. An indebtedness to her as administratrix on a contract with her as such administratrix.

The defendant demurs to the complaint upon the ground that several causes of action have been improperly united. The misjoinder complained of is the uniting into one complaint of the cause of action be-

longing to the plaintiff's intestate, and the one belonging to her as administratrix. The answer to this objection is that the cause of action belonging to the plaintiff's intestate became vested in her as his administratrix, as soon as she qualified as such, and that, as the demurrer admits that the second cause of action was contracted with her as administratrix, both causes of action were properly joined (1 *Chitty's Pleading*, 6th Am. from the 5th London Edn. marg. 22, 23 ; citing 6 *East*, 405.; 3 *B. & A.* 360 ; 2 *Chitty*, 325 ; 6 *Taunt.* 453.   See also Aspinall *v.* Wake, 10 *Bing.* 51 ; Bogert *v.* Hertell, 4 *Hill*, 505 ; *Dayton on Surr.* 294 ; Welles *v.* Webster, 9 *How. Pr.* 251 ; Foy *v.* Evans, 8 *Wend.* 530).

This case falls within the rule recognized and confirmed in and by the above authorities, that counts may be joined in one complaint whenever the money recovered upon them will be assets in the hands of the executor or administrator.

The demurrer was therefore frivolous, and it would be unusual as well as circumlocutory to allow a formal argument upon the demurrer itself, when the result arrived at must necessarily be the same as that already reached upon the default proposed to be opened.

Under the circumstances the motion to open the default taken upon the application for judgment upon the demurrer will be denied.

Ordered accordingly.