ALOIS HAUGER *et al.* Respondents, *against* SOLOMON
BERNSTEIN, Appellant.

(Decided January 7th, 1878.)

The act of 1872 (L. 1872, p. 1495, § 11), giving the Marine Court of the city of New
York jurisdiction of an action on the official bond of a marshal upon leave being
first granted by a justice of that court, does not repeal the provisions of the act of
1862 (L. 1862, c. 484, p. 971, *et seq.*), giving a justice of the Court of Common Pleas
power to allow the marshal's bond to be prosecuted in the name of the parties
aggrieved. The remedies under the two acts are different and either may be re-
sorted to.

In an action in the Marine Court on the official bond of a marshal, brought in the
name of the party aggrieved, an allegation in the complaint, that on a certain day
leave was granted by the Court of Common Pleas to so bring such action, is suffi-
cient upon demurrer. It is presumed that the leave was granted in a proper case.

Where the condition of the official bond of a marshal was, that he should "well.
and faithfully execute the duties of said office of marshal without fraud, oppres-
sion or deceit,"—*Held*, that allegations that the marshal, under an attachment
against another person, seized property of plaintiff ; that plaintiff obtained judg-
ment of recovery and for damages ; and that an execution on the judgment issued
against the marshal was returned unsatisfied, constituted a sufficient assignment
of a breach of the bond.

*Quære*, whether executions upon judgments in actions under the act of 1872, should
issue out of the Marine Court or out of the Court of Common Pleas.

APPEAL by the defendant from a judgment in favor of
plaintiff, entered upon an order of the general term of the
Marine Court of the city of New York, overruling a demur-
rer to the complaint, and reversing a judgment entered upon
an order of the special term of that court, sustaining the de-
murrer.

The action was brought by Hauger and another against
Bernstein, one of the sureties of one Feeny, a marshal of the
city of New York, upon his official bond to the mayor, etc.,
of the city, alleging as a breach, the seizure by said marshal
of plaintiff's property under an attachment against one
Gutierez ; the obtaining of judgment for damages against said

marshal for the illegal seizure, the issuing of execution, return of no property, and leave granted by the Court of Common Pleas to prosecute said bond in the Marine Court in plaintiff's name.

To this complaint defendant demurred, specifying, among others, as grounds for demurrer, that plaintiff had not legal capacity to sue, a defect of parties, plaintiff, and that the complaint did not state facts sufficient to form a cause of action.

*A. & L. Levy*, for appellant.

*J. R. Tressider*, for respondents.

CHARLES P. DALY, Chief Justice.—The judgment of the general term of the Marine Court should be affirmed.

The act of 1872 (L. 1872, c. 629, § 11, p. 1495), giving the Marine Court jurisdiction of "an action on the official bond of a marshal, upon leave being first granted by a justice of the said court, at the chambers thereof," does not repeal the previous provision in the act of 1862 (L. 1862, c. 484, §§ 7, 8, pp. 971, 972, 974), giving a judge of this court power to order that the official bond of a marshal may be prosecuted in the name of any party aggrieved, in the Marine Court. The two proceedings are not the same. The action upon the official bond of a marshal in the Marine Court, under the act of 1872, must be brought in the name of the mayor. (*The Mayor, &c., of N. Y.* v. *Doody*, 4 Abb. Pr. 127.) The act of 1813 (R. L. 1813, c. 86, § 147, vol. 2, p. 397), requires a marshal's bond to be given to the mayor, aldermen and commonalty of the city of New York, and this statute contemplates a recovery, when had upon the bond, to be in the name of the mayor, etc., for the full amount of the penalty. (*Davis* v. *Haffner*, 2 Abb. Pr. 189, 190.) Under that act the action was always brought in the name of the mayor, upon an order made by a judge or the judges of this court, upon motion; and if there was a recovery upon the bond, this court was empowered, upon a motion made, to direct so much money

to be levied thereon, as should be sufficient to pay the party the debt or damages recovered by him against the marshal, an action upon the bond being allowed only after a recovery against the marshal by a person aggrieved.

The act of 1872, giving the Marine Court jurisdiction of action upon such bonds, makes no provision as to the name in which the action shall be brought. As the bond is entered into to the mayor, the action must necessarily be in his name, for the provision in the Code (§ 113) requiring suits to be brought in the name of the real party in interest, is inapplicable to suits by official persons in their name of office (*Hoogland* v. *Hudson*, 8 How. Pr. 345).

The act of 1862 gives this court power to order an action upon a marshal's official bond, to be brought in the name of the party aggrieved, in the Marine and in the District Courts, and provides (§§ 6, 7, 8) under what circumstances it shall be allowed;—how the application is to be made, upon what notice, to whom the notice is to be given, and what must be shown to the satisfaction of the court before leave can be granted, which was what was done in this case; the action having been brought in the name of the party aggrieved in the Marine Court, upon an order made in this court, in the mode provided for in the act of 1862. These provisions of the act of 1862 are in no way affected by the provision referred to in the act of 1872. The power and jurisdiction given to this court in the former act, is not taken away, was not meant to be, and could not be, under the amended constitution, which declares that this court is continued with the powers and jurisdiction it had, when the sixth section of the constitution, as amended, took effect December 6th, 1869. This court had, by the act of 1862, power to order an action to be brought in the name of the aggrieved party, in the Marine Court. It possessed this power when the amended constitution was adopted in 1869, and it could not be taken away by the statute of 1872. The act of 1872 does not in fact mean to take it away. It simply gives a cumulative remedy, by allowing an action to be brought in the Marine Court upon leave granted by a judge of the court, and does

not, in terms or by necessary implication, take away the previous remedy, so that either may therefore be resorted to (*Clark* v. *Brown*, 18 Wend. 220 ; 2 Coke's Inst. 200).

It is unnecessary to dwell upon the appellant's second point, as to the effect of the omission of the words of the Code, in the act of 1872, " and shall be deemed a judgment of this court ; " for it is unnecessary to inquire whether, under the act of 1872, the execution, where transcripts are filed, should be issued in this court or in the Marine Court, though I suppose from the reading of the 8th section of that act that the intent of the provision, if constitutional, was that the execution should, in such cases, issue in the Marine Court, a change which in no way affects the act of 1862, which provides that a transcript of a judgment rendered against a marshal shall be filed in the office of the clerk of this court, and from the filing of the transcript, shall be deemed a judgment of this court, which is a specific provision, and in my judgment is not repealed either directly or by implication by the enactments in § 38, d. 11, and § 8 of the act of 1872, as both acts can be construed together, without any conflict ; that is, that except in the case of a judgment against a marshal or his sureties in the Marine Court, the execution, after the filing of a transcript, is to issue in the Marine Court, for the simple reason that the jurisdiction, in respect to executions in actions in the Marine Court upon the official bonds of marshals, conferred upon this court by the act of 1862, could not be taken away under the constitution, even if it were meant to be. Whether the section of the act of 1872, so far as it abridges the previous enactment in the Code that upon the filing of the transcript of a judgment of the Marine Court, for $25 or upwards, the judgment should be deemed a judgment of this court, as respects its enforcement by execution, is or is not constitutional, is a question we are not now called to pass upon.

It was sufficient to aver in the complaint, as the plaintiffs did, that on the 28th of June, 1875, leave was granted to them by this court to prosecute the bond in the Marine Court in their own name. It is not necessary to set forth

specifically the proceedings upon which leave was granted, to show that the act of 1862 had been complied with. It will be presumed, the court having jurisdiction to make such order, that it did so in a proper case.

A breach was sufficiently assigned. It is that the marshal, under an attachment against one Guiterez, seized certain property belonging to the plaintiff. That the plaintiff brought an action against him in the Marine Court, to recover the possession of the property, and damages for his seizing and detaining it, and that judgment was rendered against the marshal for $126—damages and costs; that he appealed from the judgment, which was affirmed; that judgment for $27 50, costs of appeal, was entered against him, and that executions against him, upon the judgments, were issued and returned unsatisfied.

This was a sufficient assignment of the breach, as appears by reference to the bond annexed to the complaint, to entitle the plaintiff to recover, and the judgment of the Marine Court should be affirmed.

JOSEPH F. DALY, J., concurred.

Judgment affirmed.