New England Iron Co. agt. N. Y. Loan and Improvement Co.

# N. Y. SUPERIOR COURT.

## THE NEW ENGLAND IRON COMPANY agt. THE NEW YORK LOAN AND IMPROVEMENT COMPANY, impleaded.

*Discovery of documents before trial — what the petition must show and point out to entitle a party to the order.*

The application for a discovery of documents before trial should be denied in cases where it is clear that they may be produced on an examination, before trial, of an adverse party, under a *subpœna duces tecum*, when the object is only to prove circumstances as the foundation of relevant inferences, rather than a fact proximately probative of an issue.

To entitle a party to a discovery of documents before trial, the party applying shall show, to the satisfaction of the court or judge, " the materiality and necessity of the discovery sought, the particular information which he requires, and that there are entries of the matters he seeks a discovery of " (*Rule* 15).

The New England Iron Company, in its suit against the Metropolitan Railway Company, for $4,500,000 damages, for violation of a contract to furnish the iron for the elevated road, joined the New York Loan and Improvement Company as codefendant, claiming that the last-named company had aided and abetted the railroad company to commit the alleged breach of contract, the contract having been awarded finally to the Loan and Improvement Company. In the petition of plaintiffs for a discovery of documents before trial (alleged to be in the possession of the Loan and Improvement Company), it was claimed that these documents would prove circumstances of knowledge, motive and intent on the part of such company, showing that they knowingly ousted the plaintiffs from the benefit they would have derived from the performance of their contract.

*Held*, that the petition should be dismissed on the ground that it did not point to the places where the information sought for existed, nor describe the entries, excepting by stating the supposed effect as evidence rather than their intrinsic character.

Also, on the ground that it did not show any reason for resorting to this method of proof, either in expediency or necessity.

New England Iron Co. agt. N. Y. Loan and Improvement Co.

*Special Term, June,* 1878.

*F. J. Fithian,* for plaintiff.

*Alexander & Green,* for defendant.

SEDGWICK, *J.*— The action is against the present defendant for aiding and abetting its codefendant to commit a breach of a contract between the latter and the plaintiff. On this motion it may be assumed that such an action lies, and that knowledge of the obligation of the parties and fraudulent intent are material to be proved against the defendant.

It has been found impossible to specify accurately the cases in which (in our practice) a party may have a discovery of documents before trial. In cases where it is clear that they may be produced on an examination, before trial, of an adverse party under a *subpœna duces tecum,* the application has been denied when the object was only to prove circumstances as the foundation of relevant inferences rather than a fact proximately probative of an issue ; and the court has always to use discretion in reference to each application.

In the present case it is not argued that an officer of a corporation, a party to an action, may be compelled to produce books of the corporation in an examination before trial. The impossibility of securing testimony from the books in this manner, does not, however, show that in such cases a party has a general and absolute right to a discovery of their contents. The language of the Revised Statutes, the Code and the rule rather negative the idea of there being a general right, and the Code especially supposes that the right is to exist in special cases, which it requires the rules of practice to state. As yet the rules have not stated them. A consideration of the issues in this action, shows that the discovery is needed to aid the plaintiff to prove — not, on the statements of the complaint, the breach of plaintiff's contract or that the present defendant's contract supplanted plaintiff's contract,

New England Iron Co. agt. N. Y. Loan and Improvement Co.

for these matters, if they exist, can easily be proved without this discovery — but to prove circumstances of knowledge, motive and intent on the part of the present defendant, *i. e.*, the discovery, may show that the defendant corporation knowingly ousted the plaintiff from the benefits they would have derived from a performance of their contract. Perhaps there would be facts shown relevant to the amount of damages. By Rule 15, the party applying shall show to the satisfaction of the court or judge, the materiality and necessity of the discovery sought, the particular information which he requires, and that there are entries of the matters he seeks a discovery of.

By this rule, and indeed the general reason of the thing, the necessity referred to is not the general necessity that exists for getting relevant testimony, but is a necessity peculiar to the case, of getting the information in this particular manner. This kind of necessity does not exist when it is probable that the information can be had by the usual and ordinary methods of subpœna for the trial, there being no danger shown that the evidence will be lost before trial; or some peculiar expediency should call for it. In no case, in my judgment, can the necessity be placed upon the information being wanted to prepare for trial. The matters looked after must be, in themselves, evidence in the cause, to the introduction of which the usual objections and exceptions are applicable.

The experience of judges under the prevailing practice is, I am sure, that when what is gained for proof actually used upon the trial is considered, with the futile experiments made upon a mistaken necessity that furnish no proof for the trial, the general result calls for the greatest caution in granting such applications.

Again, the rule requires that on the face of the petition there should appear at least a probability that the books or papers contain the information asked for. It is not enough that perhaps it may be found there and perhaps not. The rule further requires that the information wanted should be

described in a particular, not a general, manner: First, in justice to the opposite party, to enable him to produce copies, make admissions, answer with accuracy the application, and to reserve from disclosure what he has a right to reserve; second, to guide the judge in making proper directions. At all stages of this proceeding it is supposed that the party knows what his action or defense is, and what testimony he seeks.

The present application says it is material to show and prove who and what persons were from time to time, at, before or after the execution of plaintiff's contract, officers, managers and directors of said corporation, the amount of the shares of stock held or owned by said managers, directors and officers, what interests they had in, and what relation they sustained to, the defendant and to the several construction contracts for constructing and equipping the railway, to show and prove the actions, resolutions and proceedings of the directors and managers of the defendant, in meetings assembled in respect to the making, execution and performance of the various contracts, and all the matters and things pertaining and relating thereto.

The application further says that the defendant has a book of the actions and proceedings of meetings of stockholders and directors and managers of the corporation. The present application does not embrace the matters which are alleged to refer to the ratification by the codefendant of the contract made with plaintiff. It is further stated that the present defendant's book of minutes contains entries in respect to the negotiation, execution and delivery of the construction contract between the defendants and of the sub-contracts for the performance and carrying out of the same, and various other matters pertaining thereto, the particulars of which are to the petitioners unknown; and further, that the book of minutes contains entries showing who and what persons were, from time to time, selected and chosen as officers, directors and managers of the corporation; that the defendant has books

New England Iron Co. agt. N. Y. Loan and Improvement Co.

known as stock books, stock subscription books, stock ledger, stock transfer book, which show the amount and number of shares of stock of the company held by the directors, officers and managers of the corporation.

From these allegations, it clearly appears that the matters so generally stated are not, as stated, evidence in the cause. In each severable proposition matters are included which cannot be evidence. The probability is, that the greater part of the particulars involved, but not stated, are of this kind. The other particulars may or may not be evidence. The petition itself does not characterize any entry or document as to which it can now be said that it is admissible evidence. It may be guessed from the pleadings that the applicant supposes or believes that if there were an opportunity to examine all the documents, some part of their contents would show that individuals, being officers or stockholders, or the corporation itself, were greatly interested or intentionally acted in bringing about a breach of the alleged contract with plaintiff.

To accomplish this even would involve the defendant forced to exhibit books which it is probable he has a right to keep undisclosed. It is clear to me that the petition does not point to the places where the information exists, nor does it describe the entries, excepting by stating their supposed effect as evidence rather than their intrinsic character. The description that is given is consistent with their not being evidence in the action. Nor does the petition show any reason for resorting to this method of proof, either in expediency or necessity. The first impression is that the kind of evidence called for can be had abundantly outside of the discovery of the books, &c., and at least the petition does not show the contrary. In fine, the petition does not meet the requirements of Rule 15, and the application to dismiss it must be granted, with ten dollars costs.