### BIEN et al. v. HELLMAN et al.

(Superior Court of New York City, General Term. January 3, 1893.)

PRACTICE—INSPECTION OF DOCUMENTS.

    In an action against three defendants upon a contract not alleged in the complaint to be in writing, one of the defendants filed an affidavit stating that the agreement was in writing, and was signed by his codefendants, but not by himself. *Held*, that said defendant was not entitled to an order for the inspection of the contract, since no need for such inspection was shown.

Appeal from special term.

Action by Julius Bien and others against Theodore Hellman and others. Defendants moved for an inspection of a paper writing in plaintiffs' possession. The motion was denied, and the defendants appeal. Affirmed.

Argued before FREEDMAN, McADAM, and GILDERSLEEVE, JJ.

Geo. W. Seligman, for appellants.

F. Bien, for respondents.

McADAM, J. The plaintiffs sue upon an express agreement entered into May 22, 1891, wherein and whereby it was agreed that the plaintiffs should do certain theatrical printing, and furnish the material therefor, for a play called "A Wolf's Wedding," at the agreed price of $4,200. The complaint does not state that the agreement declared on is in writing, and, as it would be valid without that formality, there is no presumption as to how it is evidenced. The defendant and appellant Hellman annexes to his petition an affidavit made by one of his codefendants, in which he states that the agreement is in writing; that it was signed by the defendants Jurgens and Reynolds, but not by the defendant Hellman. Such being the case, the issue is narrowed down to the performance of the work, and the partnership of the defendants, which Hellman denies. There is little room to doubt that the agreement sustains the allegations of the complaint in regard to the work, and the price to be paid for it, and that Hellman can in no manner be held upon it except on the theory of partnership in the venture,—a fact provable only by evidence aliunde. Having proved that the agreement was signed

by the codefendants, and not by Hellman, (a fact not disputed,) there is no conceivable ground for asking an inspection on the theory of possible forgery, as was allowed in Hepburn v. Archer, 20 Hun, 535. The mere fact that the plaintiffs may have in their possession the agreement sued upon does not entitle the defendants to an inspection of it as of course, for whether we observe the old chancery rule as to bills of discovery, pure and simple, or those in which other relief was claimed, some necessity for inspection must exist before it can be directed; curiosity alone will not suffice. Super. Ct. Rule 15; New England Iron Co. v. New York Loan & Imp. Co., 55 How. Pr. 351; Holtz v. Schmidt, 34 N. Y. Super. Ct. Rep. 28, and kindred cases. The defendant also insists that the rule declared in Roosevelt v. Ellithorp, 10 Paige, at page 417, applies. It was there held that, "where the defendant in his answer states the effect of a deed in his possession, without annexing a copy thereof, but for greater certainty craves leave to refer to the same when produced, he makes it a part of the answer so far as to entitle the complainant to an order for the production of the deed." This had reference to the practice which formerly prevailed of pleading "oyer," (see Bouv. Law Dict.;) but it is now obsolete, and therefore requires no discussion, (Bright v. Currie, 5 Sandf. 433, 10 N. Y. Leg. Obs. 104; Mayor v. Doody, 4 Abb. Pr. 127; Welles v. Webster, 9 How. Pr. 251.) The former practice applied only to specialties, and, where the plea did not show that the agreement was under seal, profert was unnecessary, and oyer not demandable. Mealey v. Insurance Co., 23 Fed. Rep. 25. In the present instance there is no intimation that the agreement sued upon is even in writing, except that furnished by the defendant Hellman, and the description of the paper furnished by him negatives all idea of its production being essential to any substantial purpose in his defense of the action. For these reasons the order appealed from must be affirmed, with costs. All concur.