## SUPERIOR COURT.

### GELSTON agt. MARSHALL.

Where a petition by the defendant asks a discovery from the plaintiff of certain deeds and other instruments in writing, to enable the defendant to *answer the* · *complaint ;* and no fact is stated showing how the discovery is necessary, · except that he expects to be *able to prove* that the note, *&c.* (sued upon), were paid, *Held,* that such an application does not come within the provisions of § 388 of the Code. It must be governed by the Revised Statutes (2 *R. S.* 199, § 22), and the former chancery practice, which prescribes the requisites of such a petition.

Also *held,* that the defendant must show *how,* or *why,* it is necessary to have the discovery in order to prepare his answer. In other words, he must set forth the necessary *facts* in his petition.

This is a petition by the defendant to compel a discovery from the plaintiff of certain deeds and other instruments in writing, to enable the defendant to answer the complaint. The petition states that the suit is brought on certain notes and acceptances given by the defendant for the accommodation of one Wadsworth of Baltimore; and that it is necessary for the petitioner to have a discovery of the deeds and other instruments specified in his petition relating to the dealings and transactions between the plaintiff and said Wadsworth, to enable him to answer. No fact is stated in the petition showing how the discovery is necessary for the answer; and no reason is given in the original petition for the application, except the advice of counsel. By the amendment to the petition, the defendant states that with the aid of the discovery he expects to be *able to prove* that the note and acceptances were paid by the transfer of the property mentioned and described in the papers whereof a discovery is sought.

RALPH LOCKWOOD, *for the Petitioner.*

CHARLES A. PEABODY, *Contra.*

MASON, Justice.—The 388th section of the Code, to which the counsel referred on the argument, does not appear to cover this case. That section authorizes an order for an inspection and

copy, or permission to take a copy of books, papers and documents containing *evidence* relating to the merits of the action, or the defence therein. The present application is not for documents to be used as evidence, but to enable the defendant to put in his answer. It comes, therefore, under the provisions of the Revised Statutes, and the rules of the Supreme Court, which are also the rules of this court. The statute declares (2 *R. S.* 199, § 22), that the court shall be governed in compelling discovery by the principles and practice of the Court of Chancery; and the 9th rule of court, which prescribes the requisites of the petition, provides that it shall state the facts and circumstances on which the discovery is claimed; and the established rule under this provision is, that the party applying for such discovery shall show how, or why it is necessary to have the discovery asked, in order to prepare the answer (Stanton vs. the Delaware Mutual Ins. Co., 2 *Sandf. S. C. R.* 662). No such necessity is shown.

The defendant does, indeed, state in his amendment to the petition that with the aid of the discovery he will be able to *prove* that the note and acceptances have been paid, but that does not show that the discovery is necessary to enable him to prepare his answer.

He is not required, and it would be improper to set forth the evidence in his answer. The province of the answer is to state facts, and not the evidence of facts; and it appears from the petition itself, that the defendant has sufficient information to enable him to state the facts in his answer with the requisite fullness and particularity to lay a foundation for the introduction of the evidence, which he alleges the papers now sought to be discovered contain.

The motion must be denied with ten dollars costs.