## WALKER *a.* THE GRANITE BANK.

*Supreme Court, First District; General Term, Feb.,* 1865.

### DISCOVERY AND INSPECTION.

An affidavit, to support an order for the discovery of books and papers, must state specially what information is wanted, and that the books and papers referred to contain such entries ; and must state this positively, not on information and belief, and the absence of a party will not excuse the want of such positive affirmation, unless the affidavit at least sets forth the sources and grounds of such information and belief.

Thus, in an action against a bank, to recover money received by it from the sale of securities deposited with it, the court will not order a discovery of entries in its books, merely upon an affidavit of the plaintiffs, alleging that he is informed and believes that there are entries relating thereto.

An order, directing the deposit of certain papers and "all other books which contain any accounts or entries, showing or tending to show" certain matters, is improper and unwarranted, it being an attempt to use the power of the court for the mere purpose of hunting for evidence.

Appeal from an order for the discovery and deposit of the defendant's books and papers.

The action was brought by Thomas G. Walker for money had and received. The complaint set forth that Holbrook, the plaintiff's assignor, in the year 1854, deposited with the defendants, as security for money borrowed from them, divers bonds and choses in action, which the defendants had disposed of at a price largely exceeding the amount of plaintiff's indebtedness ; and it asked judgment for such excess, with interest, as for money had and received.

A petition was presented on the plaintiff's behalf, praying for a discovery, and alleging, on information and belief, the above facts, and that the defendants were a foreign corporation, having their place of business and books in Boston, Mass.; that the defendants had, in their answer, admitted the deposit of the stocks as collateral, but did not state what they had received for them ; that they had disposed of such stocks for a large sum unknown to the plaintiff; that the ledgers, daybooks, journals, bill-books, &c., of the defendants, or some or

one of them, for the years 1857, 1858, 1859, 1860, and 1861, contained entries showing when and to whom such bonds were sold, and how much was received for them; that "the books, accounts entries, account sales, bills and papers above-mentioned," were in possession of the defendants, and the production, &c., was necessary to the plaintiff, and prayed for discovery in the usual form.

This petition was verified by one of the attorneys in the form of a verification by an attorney to a complaint, giving as an excuse for its not being verified by the plaintiff, that the plaintiff had been some months in Europe, deponent averring, on his own knowledge, that the plaintiff had not the books, &c., and that, in his opinion, they were necessary to the plaintiff in the prosecution of the action, but not setting forth any sources of information or grounds of belief in the statements of the petition.

The defendants read opposing affidavits, showing, among other things, that the incorporation of the bank had expired by limitation of the charter.

The court below granted the order for the discovery, and the defendants appealed.

*I. T. Williams*, for the appellant.—I. The petition is not verified by the plaintiff, or by any one who has any knowledge touching the truth of the allegations contained therein. In order to render the oath of the attorney competent, he must show that he has some knowledge upon the subject, what that knowledge is, and what is the source of his knowledge, so that the court may judge of its efficiency. In the petition before the court every allegation is on information and belief, so that the oath of the attorney is only to the effect that he believes it to be true. It is not competent for the court to take cognizance of the statements contained in that petition, merely because an attorney swears that he believes them. The statute provides that, "To entitle a party to any such discovery, he shall present a petition verified by oath," *i. e.*, verifying the fact, that the books, &c., do contain evidence "relating to the merits" of the action or defence. To comply with the requirements of the statute (and a strict compliance is required) (Moore a. McIntosh, 18 *Wend.*, 529), it is necessary that the oath to the petition verify the fact, that the books so sought do contain evidence relating

to the merits, &c. The oath of an attorney, swearing simply to this fact upon his belief, without giving any ground or reason for his belief, is not a verification of the facts set up in the petition. (Swift *a*. DeWitt, 3 *How. Pr.*, 285.) The court must believe that the books contain the entries alleged, and that those entries are material to the issue joined in the action. This must be shown to the court by facts, and the court cannot substitute for its belief that of an attorney of one of the parties. (Opdyke *a*. Marble, 18 *Abbotts' Pr.*, 269; Davis *a*. Dunham, 13 *How. Pr.*, 425; People *a*. Rector, &c., of Trinity Church, 6 *Abbotts' Pr.*, 177; Whitlock *a*. Roth, 5 *How. Pr.*, 143; Broadhead *a*. McConnell, 3 *Barb.*, 175.)

II. It does not appear that the facts sought to be proven cannot be proven without the discovery. A commission to examine the persons in possession of the books, &c., can issue, and the contents of the books be thus ascertained. (Low *a*. Graydon, 14 *Abbotts' Pr.*, 445; Gelston *a*. Hoyt, 1 *Johns. Ch.*, 549; Opdyke *a*. Marble, *ubi supra;* McAllister *a*. Pond, 15 *How. Pr.*, 299.)

III. The order is inquisitorial and unjust. It requires an inspection or copies of all books and papers which show, or tend to show, many matters and things which can by no rational possibility be material upon the trial of the action,—an action not for an accounting but only for money had and received. But it is not for the defendant to show that these entries are not material. The plaintiff must set forth such facts as that the court can see that they are material. Such an inquisition is looked upon with disfavor by the court, and to warrant it a strong case, must be made showing its necessity. (Opdyke *a*. Marble, 18 *Abbotts' Pr.*, 270; People *a*. Rector, &c., of Trinity Church, 6 *Ib.*, 179; Lefferts *a*. Brampton, 24 *How. Pr.*, 260.)

IV. The order must be reversed as exceeding the power of the court or judge who granted it, in that it prescribes the penalty for a non-compliance with its provisions. (Broderick *a*. Shelton, 18 *Abbotts' Pr.*, 213.)

*Martin & Smith*, for the respondents.

BY THE COURT.—INGRAHAM, P. J.—We have repeatedly held that application for discovery of books and papers must specially state what information is wanted, and that the books or papers referred to contain such entries, and this must be stated on positive affirmation, and not on information and belief. It is not enough to dispense with this positive oath that the party should be absent. If so, some other person, who has knowledge of the facts, should swear to the petition. And if there is no one who can make such affidavit, then the application cannot ordinarily be granted.

Although the plaintiff in this case was absent, still the assignor was not, and he would have more knowledge on this subject even than the plaintiff.

That the party making the affidavit in the petition had no knowledge, that the books of which a discovery is sought, contained any entries on this subject, is apparent from the manner in which such charge is made. The petition says that the ledgers, day-books, journals, cash-books, deposit-books, and bill-books, or some or one of them, for the years 1857, 1858, 1859, 1860, and 1861, contain entries showing when the bonds were sold, to whom sold, and how much were received for them; that said books also contained entries showing how much was received for interest, &c.; that the cash accounts, profit and loss account, and bills receivable account, in the ledger of the defendant, contain entries showing the same facts, corresponding to the entries in the other books.

The order appealed from, directs not only the deposit of the books before referred to, for the period of five years, but also all other books of the defendants which contain any accounts or entries, showing, or tending to show, the times when the bonds were sold, &c.

Such an order appears to me to be extending the right of a party to examine his adversary's books much beyond what was contemplated by the law, or what has ever been sanctioned by the courts.

The uniform course of decision has been against any attempt to use this power of the court for the mere purpose of hunting for evidence, without some knowledge on the part of the applicant as to what the entries are, and in what paper or book it is contained. It is very evident no such knowledge

exists in the present case, and the whole petition rests upon the supposition that there must be some entries in the defendant's books, and if the plaintiff can obtain an inspection of the defendant's books, he can obtain some information beneficial to him in conducting this prosecution. Such a rule if carried out to this extent would give to a party the privilege of always examining his adversary's books, if he can swear that the litigation relates to matters which ought to be entered in the books, and that he believes he keeps correct ones. I cannot believe that it was ever intended to carry the rules of discovery to this extent, and I am not willing to give my sanction to what seems to me to be a gross invasion of the right of a party to the control of his own books and papers. (6 *Abbotts' Pr.*, 179; 18 *Ib.*, 270; 24 *How. Pr.*, 260; Colgate *a*. Buckingham, *Ms.*, Feb., 1863.)

There are some matters concerning which discovery is sought which are stated sufficiently definitely to call for a discovery, and which, if the petition had been sworn to by a person having any knowledge in the matter, might be sustained. I refer to those parts of the petition which refer to account-sales of the bond and stock and other securities in the defendant's possession.

But the difficulty as to the proof of the existence of such papers extends to the whole petition, and in my judgment the verification should be of something more than information and belief. It may be that in some cases information from others might be sufficient,—where it is so, the information should be disclosed:

The order should be reversed, but with leave to plaintiff to renew his application upon upon other papers.

Order reversed, with leave to plaintiff to apply anew on other papers for discovery of entries to be designated in the papers.