Walker *v.* Granite Bank.

[NEW YORK GENERAL TERM, May 2, 1865. *Ingraham, Geo. G. Barnard* and *Clerke,* Justices.]

---

## WALKER *vs.* THE GRANITE BANK.

An application for discovery of books and papers must specially state what information is wanted, and that the books or papers referred to, contain such entries.   And this must be stated upon positive affirmation, and not on mere information and belief.

It is not enough to dispense with this positive oath that the party is absent.

An order directing not only the deposit of certain specified books for the period of five years, but also "all other books of the defendants which contain any accounts or entries showing," &c. is extending the right of a party to examine his adversary's books much beyond what was contemplated by the law, or what has ever been sanctioned by the courts.

APPEAL from an order directing the deposit of books of the defendant, for the inspection of the plaintiff.

*By the Court,* INGRAHAM, P. J.   We have repeatedly held that applications for discovery of books and papers must specially state what information is wanted, and that the books or papers referred to contain such entries, and this must be stated on positive affirmation, and not on mere information and belief.   It is not enough, to dispense with this positive oath,

Walker *v.* Granite Bank.

that the party should be absent. If so, some other person who has knowledge of the facts should swear to the petition, and if there is no one who can make such affidavit, then the application can not ordinarily be granted. Although the plaintiff in this case was absent, still the assignor was not, and he would have more knowledge on this subject even than the plaintiff.

That the party making the affidavit or the petition had no knowledge, that the books of which a discovery is sought contained any entries on this subject, is apparent from the manner in which such charge is made. The petition says "that the ledgers, day books, journals, cash books, deposit books and bill books, or some or one of them, for the years 1857, 1858, 1859, 1860, or 1861, contain entries showing when the bonds were sold, to whom sold and how much was received for them ; that said books also contain entries, showing how much was received for interest, &c. ; that the cash account, profit and loss account, and bills receivable account in the ledger of the defendants contain entries showing the same facts, corresponding to the entries in the other books."

The order appealed from directs not only the deposit of the books before referred to for the period of five years, but also all other books of the defendants which contain any accounts or entries showing or tending to show the times when the bonds were sold, &c.

Such an order appears to me to be extending the right of a party to examine his adversary's books much beyond what was contemplated by the law, or what has ever been sanctioned by the courts. The uniform course of decision has been against any attempt to use this power of the court for the mere purpose of hunting for evidence, without some knowledge on the part of the applicant as to what the entries are, and in what paper or book it is contained. It is very evident no such knowledge exists in the present case, and the whole petition rests upon the supposition that there must be some entries in the defendants' books, and if the plaintiff can

Walker *v.* Granite Bank.

obtain an inspection of the defendants' books, he can obtain some information beneficial to him in conducting this prosecution. Such a rule, if carried out to this extent, would give to a party the privilege of always examining his adversary's books, if he can swear that the litigation relates to matters which ought to be entered in the books, and that he believes he keeps correct ones. I can not believe that it was ever intended to carry the rules of discovery to this extent, and I am not willing to give my sanction to what seems to me to be a gross invasion of the rights of a party to the control of his own books and papers. (*Colgate* v. *Buckingham, G. T. Feb.* 1863.)

There are some matters, concerning which discovery is sought, which are sufficiently definite to call for a discovery, and which, if the petition had been sworn to by a person having any knowledge in the matter, might be sustained. I refer to those parts of the petition which refer to account sales of the bonds and stock and other securities in the defendants' possession. But the difficulty as to the proof of the existence of such papers extends to the whole petition, and in my judgment the verification should be of something more than information and belief. It may be that in some cases information from others might be sufficient; where it is so, the information should be disclosed.

The order should be reversed, but with leave to the plaintiff to renew his application upon other papers.

[NEW YORK GENERAL TERM, May 2, 1865. *Ingraham, Clerke* and *Geo. G Barnard,* Justices.]