## UNION PAPER COLLAR COMPANY *v.* METROPOLITAN COLLAR COMPANY.

Where facts and circumstances are shown which warrant a presumption that a book or document sought contains evidence which will prove or tend to prove some facts which the party applying has to establish, the application for a discovery should be granted :

*Held,* therefore, in an action to restrain an infringement of a trade mark, that the defendants were entitled to an order for the inspection of the plaintiffs' books, it appearing by affidavits that such books were likely to show that the trade mark had not become the symbol of a well-known and valuable article of merchandise, and that the plaintiffs were not the prior users of the trade mark.

SPECIAL TERM, *February,* 1869.

MOTION by defendants for leave to inspect the plaintiffs' books.

The action was brought to restrain the infringement of a trade mark. The plaintiffs claimed to establish their right to the trade mark by reason of priority of appropriation and of the reputation acquired by sales of their goods thereunder. The defendants claimed that the plaintiffs were not the first to appropriate the trade mark, and that they had never introduced their goods under the said name in any market, or ever sold any goods under the said name, unless in very trifling quantities and at merely nominal prices, and that the said sales were not made for the purpose of profit but merely to avoid a forfeiture of the charter of the plaintiffs' for non-user, and that they are not now, and never had been, engaged in the business of manufacturing and selling collars, and that the entries in the plaintiffs' books will establish the fact as to their alleged prior use and introduction of the alleged trade mark.

*Blatchford, Seward & Griswold,* for plaintiffs.

*Spring & Wetmore,* for defendants.

BRADY, J.—I consider the case of *Lefferts v. Brampton* (24 Howard Pr. 257), decided by the general term of this court, conclusive of the defendants' right to the inspection

demanded. In that case it was held that if facts and circumstances are shown which warrant a *presumption* that the book or document sought contains evidence which will prove, or *tend to prove*, some fact which the party applying has to establish, the application for a discovery should be granted. In this case, if the defendants can prove by the plaintiffs' books that the Union collar was not sufficiently distributed by sales to have acquired any value as an article of merchandise, it cannot be said that such fact may not tend to establish their defense, in connection with proof of their use of the trade mark at or about the same time. It would not be absolute proof against the plaintiffs' claim, but would tend to affect it to the advantage of the defense interposed in this action which is twofold:

1. That the trade mark had not become the symbol of a paper collar well known and valuable as an article of merchandise.

2. That the defendants have the right to such mark by prior or cotemporaneous use and sales by which their manufacture became their celebrity and valuable.

Order granted.