# N. Y. COMMON PLEAS.

ALEXANDER B. MOTT agt. THE CONSUMERS' ICE COMPANY.

*Discovery and inspection of plaintiff's books and papers — when application
will be denied.*

Where the application was made by defendant for a discovery and inspection of all books kept by plaintiff as a physician and surgeon from the time of the accident and for two years prior thereto, in order to ascertain what the value of and receipts from plaintiff's practice were and are, so that they may be prepared on the trial of that issue, the application being made upon affidavit of defendant's belief that plaintiff has kept and still keeps books in which are entries tending to show the amount of his receipts and charges, but does not describe or indicate any particular book or books of which discovery should be made:

*Held,* to be an inquisitorial examination of all the books, papers and documents that is sought in the hope that they contain evidence of the falsity of plaintiff's averments in his complaint, as to the extent and emoluments of his practice, and is within the rules laid down to prevent a mere fishing examination.

Neither party will be allowed a discovery to enable him to rebut an anticipated case of the other.

Where the party against whom a discovery is sought is a physician and surgeon, and resists an inspection of his books upon the ground that they contain, as part of his records, information derived from his patients, which is of a privileged character, the application will be denied.

PLAINTIFF is a physician and surgeon, residing and having his office in New York city.

In June, 1872, he was driving down Fourth avenue, visiting his patients, and shortly before reaching Eighteenth street he drove up near the curb-stone on the right-hand side of the avenue, and stopped.

Mott agt. The Consumers' Ice Company.

Whilst thus standing there, sitting in his carriage, one of defendant's ice wagons, driven with great force and carelessness by one of its servants, turned into the avenue out of Eighteenth street, and ran into the doctor's carriage, throwing him out on to the sidewalk, severely injuring him, breaking his carriage and harness, and injuring his horse.

In consequence of the injuries so sustained by Dr. Mott, he was confined to his house for more than ten weeks, and is still unable to attend to night practice.

Dr. Mott claims in his complaint in this action, that during the period he was so confined to his house his business was of the value of $100 per day; that he has also sustained damage since the expiration of said ten weeks of $200 per week; and that during the remainder of his life, by reason of said injuries, he will be unable to devote his full time to his profession, for which he also claims damages.

In October, 1876, defendant's attorneys made a motion for an inspection of Dr. Mott's books of account, which came on for argument October thirtieth before judge J. F. DALY, and by him denied, with costs.

The opinion of judge Daly upon his decision of the motion will speak for itself.

*A. P. Whitehead,* for motion.

*Hatch & Van Allen,* opposed.

J. F. DALY, *J.* — Plaintiff sues for damages for injuries sustained by reason of a collision between the carriage in which he was sitting, in Fourth avenue, near Eighteenth street, in the city of New York, and an ice wagon driven by a servant of defendant, caused, as the complaint avers, by the negligence of the latter. Plaintiff was thrown out and sustained injuries which he alleges prevented his attending to his profession and business as a practicing physician to his loss in the sum of $100 a day (that being the value of his

practice at that time) for ten weeks, and in the sum of $200 a week thereafter. Defendants deny all of the allegations in the complaint except their incorporation and that plaintiff was and is a practicing physician and surgeon.

Application is now made by defendants for a discovery and inspection of all books kept by plaintiff as such physician and surgeon from the time of the accident down to this time, and for two years prior to the accident, in order to ascertain what the value of and receipt from plaintiff's practice were and are, so that they may be prepared on the trial of that issue.

The application is made upon affidavit of defendant's belief that plaintiff has kept and still keeps books in which are entries tending to show the amount of his receipts and charges, but cannot, of course, describe or indicate any particular book or books of which discovery should be had. It is, in fact, an inquisitorial examination of all the books, papers and documents that he seeks in the hope that they contain evidence of the falsity of plaintiff's averment in his complaint as to the extent and emoluments of his practice, and as such falls, I think, within the rules laid down to prevent a mere fishing examination (*Brevoort* agt. *Warner*, 8 *How.*, 321; *Hoyt* agt. *Am. Ex. Bk.*, 1 *Duer*, 652; *Com. Bk.* agt. *Durham*, 13 *How.*, 541; *Davis* agt. *Dunham*, *id.*, 425).

The case before me differs from that in which the defendant is allowed to inspect the sales books of the plaintiff to establish in an action for infringement of trade-mark that no *bona fide* sales have been made by plaintiff (*Union Paper Collar Co.* agt. *Met. Collar Co.*, 3 *Daly*, 171), such fact being necessary to establish defendant's case.

It is said that the right of a defendant to a discovery is limited to documents which form a part of his case (*Wright* agt. *Morry*, 11 *Exch.*, 209).

So the plaintiff is said to have a discovery as to the manner in which defendant's case is to be established (*Hunt* agt. *Hewitt*, 7 *Exch.*, 236), and the rule is equally fair as to both

Mott agt. The Consumers' Ice Company.

parties; in fact, it has been held that neither party is allowed a discovery to enable him to rebut an anticipated case of the other (2 *Wait's Practice*, 531 *d, and cases cited*).

' The discovery here sought is unquestionably with a view to rebut the plaintiff's anticipated case, and to oppose his books to what is expected to be his oral testimony. But such a claim of right to discovery and inspection, if allowed, would extend this particular remedy to almost every case, and subject all parties seeking redress for injuries to the person to the same sort of visitation and inquisition they would be compelled to undergo if charged with defrauding the revenue.

The plaintiff, if he keeps books showing his gains and receipts from his practice, and refuses to produce them to support his own testimony on that point, subjects himself to certain presumptions against his claim which a jury would not be slow to apply, and in this respect the books of plaintiff are better witnesses for defendants out of court than in it.

But plaintiff resists an inspection of his books upon a ground that I deem fatal to the application, if no other considerations were presented, viz., that they contain as part of his records information derived from his patients, which is of a privileged character (3 *R. S.*, 611 [*6th ed.*], *sec.* 119).

Application denied, with ten dollars cost.