## N. Y. COMMON PLEAS.

JAMES M. CUTTER *et al.* agt. HIRAM POOL.

*Discovery — inspection of books and papers — subpœna duces tecum — secs. 803 to 808, Code of Civil Procedure.*

An application for an inspection and copy of books and papers must *now* be had under sections 803 to 808 of the Code of Civil Procedure, which are a virtual re-enactment of the provisions of the Revised Statutes upon this subject.

Under the general rules of practice the plaintiff may compel discovery and inspection of books and papers which may be necessary to enable him to frame his complaint or to answer any pleading of the defendant.

Where no such necessity is shown in the moving papers, but the plaintiff who admits that the claim in suit grows out of a mistake made in an account settled some two years ago, " verily believes that defendant's check-book" will show such mistake, and asks inspection thereof, the defendant pleads payment and an account stated:

*Held*, that the new Code does not authorize an application of this kind to enable a party to prepare for trial; and if it did, the defense of payment is a fact to be established by the defendant, and not by the party applying for the inspection.

*It seems*, this is the true test of the application.

The plaintiff has his remedy by *subpœna duces tecum.*

*Special Term, November*, 1877.

*Hatch & Van Allen*, for plaintiff.

*Childs & Hull*, for defendant.

LARREMORE, *J.* — The plaintiff applies on motion, in pursuance of section 388 of the Code of Procedure, for an inspection and copy of defendant's books of account. This section, which enlarges the remedy for obtaining discovery of evi-

dence, has been decided to be auxiliary to, and not a substitute for, the provisions of the Revised Statutes.

In the repealing act, passed June 5, 1877, section 388 of the old Code is repealed, the same not being mentioned in the sections therein excepted from repeal.

The remedy sought must now be had under sections 803 to 808 of the Code of Civil Procedure, which are a virtual re-enactment of the provisions of the Revised Statutes upon this subject. The application is now *ex parte* upon a verified petition, and not upon notice of a motion.

This objection, however, was not raised upon the argument, and as both parties have been heard and have submitted the right to an inspection upon the merits, no injustice will arise in deciding the question upon the papers presented.

Under the general rules of practice prescribed in such case, the plaintiff may compel discovery and inspection of books and papers which may be necessary to enable him to frame his complaint or to answer any pleading of the defendant (*Rules Supreme Court*). No such necessity is shown in the moving papers; but the plaintiff, who admits that the claim in suit grows out of a mistake made in an account settled some two years ago, " verily believes that defendant's check-book " will show such mistake, and asks inspection thereof. The defendant pleads payment and an account stated. I do not think that the new Code authorizes an application of this kind to enable a party to prepare for trial; but, if it does, the defense of payment is a fact to be established by the defendant, and not by the party applying for the inspection. This, in my judgment, is the true test of the application. Plaintiff has his remedy by a *subpœna duces tecum*, and this motion should be denied.