Dickie agt. Austin.

---

## CITY COURT OF NEW YORK.

JOHN DICKIE agt. ROBERT F. AUSTIN and others.

*Discovery of books to prepare for trial — When will be refused.*

In an application for an order for the discovery of books, the petitioner stated that "he is unable to name specifically all the books which will be necessary," and the inspection is intended to cover any books which the defendants have relating to the transactions in which the plaintiff was interested.

*Held,* that such a discovery is unusually broad and sweeping, and not such as courts are in the habit of granting in aid of common-law actions for the recovery of a specific sum of money.

The petition must state what information is wanted, and that the books referred to contain such entries. It is not enough to show that they probably will furnish the desired information. The petition should point to the places where the information sought for exists and describe the entries.

If the discovery is plainly attainable by competent and available testimony, a production of books should not be allowed without special circumstances.

*Special Term, August,* 1883.

*Morrison & Kennedy,* for motion.

*E. H. Benn,* opposed.

Dickie agt. Austin.

McADAM, *J.*— The plaintiff claims that he was to receive one-third of the gross profits on certain sales made by him for the defendants. These sales are said to aggregate $264,343.58. It appears that settlements were had from time to time on statements furnished by the defendants. But the plaintiff now insists that in these accounts the defendants unlawfully deducted from his share of the profits " certain sums " which he claims he should have received, but did not. This action was brought to recover those sums, which the plaintiff supposes aggregate about $2,000. The present application is for an inspection of the sales books used by the defendants between May 1, 1880, and May 1, 1883, as well as the ledgers used during that period, wherein the plaintiff's account was kept, and in which the merchandise and sales account were entered. The object of the inspection is to enable the plaintiff to prepare for the trial of the action. The petitioner says that " he is unable to name specifically all the books which will be necessary," and the inspection is intended to cover any books which the defendants have relating to the transactions in which the plaintiff was interested. I need not say that such a discovery is unusually broad and sweeping and not such as courts are in the habit of granting in aid of common law actions for the recovery of a specific sum of money. Such applications are, as a rule, referred to courts of equity (1 *Sand.*, 700). The character of the application and the general manner in which the alleged indebtedness is expressed as " certain sums " amounting to "about" $2,000, indicate, in a mild way, that the plaintiff does not really know whether he has a cause of action or not, and that a discovery before the trial is therefore material to enable the plaintiff to determine how to prove his cause of action, if it can be proved at all. In this view the application is a prudent one for the plaintiff to make ; but it does not follow, from this circumstance, that it ought, in the exercise of a wise discretion, to be granted. There are certain general rules which regulate applications like the present, one of which is that the petition must state

what information is wanted, and that the books referred to contain such entries (19 *Abb. Pr.*, 111; 44 *Barb.*, 39). It is not enough to show that they probably will furnish the desired information (26 *How.*, 177), and an application for the discovery of documents was denied, where the petition did not point to the places where the information sought for existed, nor describe the entries except by stating their supposed effect (55 *How. Pr.*, 351). In *Cutter* agt. *Pool* (3 *Abb. N. C.*, 130), a case somewhat like the present, the court denied the application, leaving the plaintiff to procure whatever books he required upon the trial by the ordinary process of *subpœna duces tecum*. In 12 *Legal Observer* (*p.* 137) it was said : " If the discovery is plainly attainable by competent and available testimony, a production of books should not be allowed without special circumstances."

The only special circumstances which appear in this case, are those before mentioned, and these do not bring the case within any rule which justifies me in granting the relief applied for. It follows that the application must be denied, with ten dollars costs to abide the event.