McAdam, Ch. J.
The complaint declares upon an express contract in writing executed by the defendant whereby, etc. The answer sworn to fifteen months ago positively denies the execution of any contract by the defendant. The defendant in view of this pleading seeks an inspection of the contract which the plaintiff • said it executed; and it says it did not execute. It is supposed to know as much about the execution of the instrument as the plaintiff, for unless executed by some duly authorized officer of the defendant, it is not the contract of the defendant In order to get the contract in evidence the plaintiff must first prove that the contract was executed by some officer of the defendant having express authority to bind the corporation, or by some officer whose official position clothed him with implied authority to execute it on its behalf. Is the defendant, under the circumstances, entitled to the inspection sought for? The inspection is desired to enable the defendant to prepare for trial, and the provisions of the Code have this end in view. Gelston v. Marshall, 6 How. Pr., 398.
Inspection will not be ordered unless the court is satisfied that the discovery is pertinent and material to the claim or defense of the party making the application 2 Wait’s Pr., 531. It is not a mere curative remedy to prevent surprise at the trial, for the inspection must be material and necessary in order to justify the court in directing it.
In James v. Coxe (3 How. N. S., 36), this court held, in an action for rent wherein .the defendant set up a subsequent agreement, modifying the original lease, that the plaintiff could not by motion compel the discovery of a correspóndenos calculated to prove or disprove the defense, so that the plaintiff might determine its legal effect before trial. See also Sanger v. Seymour, 4 N. Y. State Rep., 451, 452.
*519 The defendant, being a corporation, can act only through agents known as executive officers, and knowledge acquired by any of such agents is knowledge imputed to the corporation (See Bank v. Davis 2 Hill, 461), as notice to an agent in the transaction is notice to the principal. Angell and Ames on Corp. § 305. If one of the officers of the defendant executed the special contract, it has, in contemplation of law, knowledge of the fact.
It assumed to act upon its knowledge when it denied under oath the execution of the special contract. It must stand on that ground of defense now. If the corporation had any doubt upon the subject, it should have applied for a discovery before joining issue, so as to be able to decide whether to admit or deny the execution of the instrument. It did not deem this precautionary step necessary, and contented itself by an unqualified denial under oath. The defendant said, in effect, “I made no such contract.” If this be true, it is a perfect defense as the pleadings now stand. The defendant has adopted this theory, and interposed it by a sworn plea, should not be permitted to inspect that which can, under its plea, impose no obligation upon it. It is practically asking to inspect a paper it never executed. Such an inspection can hardly be termed necessary -and material to the defense. But the defendant may say the inspection may be necessary to prevent surprise at the trial. It may turn out that some former officer of the -corporation executed the contract, or some present officer may have executed it in excess of his authority. The answer to this suggestion is that inspection is not allowed for such experimental or precautionary purposes. Unless the person who executes the contract was an officer at the time, the contract is not admissible in evidence. The onus of proving the official position and power of the person executing the contract is on the plaintiff, unless proof of the position alone carries implied-power with it. The defendant has its by-laws and minute-book to prove who its officers are, with the power and duties belonging to each, and is able to refute in a sort of official way any untrue assertion the plaintiff may advance concerning the execution of the contract , by any one assuming to be an officer of the defendant, and attempting to act as the defendant’s authorized agent. The defendant denies the rendition of any services under the alleged, contract, so that its terms and provisions cannot be of any consequence to it. Upon the entire case, and chiefly on the ground that the inspection applied for is not material or necessary to the maintenance of the defendant’s defense, or to enable it to properly meet the issue presented by the pleadings, the application will be denied, but without costs.