PERLS *v.* METROPOLITAN LIFE INS. CO.

*(Common Pleas of New York City and County, General Term.* June 2, 1890.)

DISCOVERY—WHEN ALLOWED.

    In an action for breach of a contract to pay plaintiff a commission on renewal premiums on policies procured by him as defendant's agent, an order granting a discovery and inspection of defendant's books, to enable plaintiff to prove the amount of his damages, will be vacated where the moving papers show that plaintiff kept books of his agency, and before the order was made was offered a statement of the desired facts as to every policy procured by him, in which he would furnish to defendant the name of the assured, and it further appears that, if the desired evidence ever becomes material, it will be available by a *subpœna duces tecum.*

Appeal from special term.

Action by Emanuel Perls against the Metropolitan Life Insurance Company. Defendant appeals from an order granting a discovery, and inspection of its books. For report of a former appeal, see 8 N. Y. Supp. 532.

Argued before LARREMORE, C. J., and BOOKSTAVER, J.

*Arnoux, Retch & Woodford*, (*Haley Fiske*, of counsel,) for appellant. *L. A. Fuller*, for respondent.

BOOKSTAVER, J. The action in which the order was made is in form an action at law for damages for an alleged breach of contract, but in reality is to recover commissions to which plaintiff claims he is entitled as a former agent of the defendant. The contract alleged in the complaint is denied in the answer, and another contract is set up, which, it is alleged, provided that commissions should only be paid plaintiff so long as he should not work or procure applications for any other life insurance company. The answer then alleges that he had worked for, and procured applications for, other life insurance companies, (naming them,) and that in consequence thereof all his rights under the contract were by its conditions terminated. It also alleges full payment to the plaintiff of commissions, and all services, up to such termination, and then sets up the statute of limitations. The trial of the action will necessarily, if plaintiff establishes the contract alleged in the complaint, involve the examination of a long account, and for this reason a reference was ordered several months ago on plaintiff's motion; but, instead of proceeding with the trial, he has applied to the court for a discovery. We think the application should have been denied. Before the plaintiff can recover any damages in this action, he must establish a breach of the contract on which he relies, and also that his action was commenced within the time limited by law. The discovery sought is not for the purpose of establishing either of these facts, but only to enable him to prove the amount of his damages, and therefore cannot, in strictness, be said to relate to "the merits of the action." If the books of the defendant become necessary to prove the amount of damages, he can compel their production by a *subpœna duces tecum.*

Judge Rumsey, in his recent work on Practice, (volume 1, pp. 683, 684,) says: "Wherever the object of the discovery can be obtained by the examination of a party, or by a *subpœna duces tecum*, the petition will not be granted." And again, at page 685: It must be shown "that the evidence or information sought cannot be obtained from any other source, and that a *subpœna duces tecum* * * * will not answer the purpose;" citing authorities to sustain the proposition. The decisions of this court on this subject, cited by the respondent, are not in conflict with this proposition. The case of *Union Paper Collar Co.* v. *Metropolitan Collar Co.*, 3 Daly, 171, was decided by Judge BRADY in 1869, and the same judge, delivering the opinion of the supreme court in *Harbison* v. *Von Volkenburgh*, 5 Hun, 454, said: "It is not a matter of right to inspect books and papers, and the privilege is not given except in extreme cases, where the refusal may involve the loss of a claim or defense; in other words, unless it is * * * indispensably necessary, and therefore essential to accomplish the administration of justice." No such necessity exists in this case. As before stated, the plaintiff's cause of action rests on his alleged contract, and its breach. The contract he claims to have in his possession, and it is not contended that the books will show the breach of it. Indeed, the chief grounds on which plaintiff seeks the discovery is the time and expense which will be involved in the examination of the books of defendant on the trial, and the supposed difficulty of getting the books by a *subpœna duces tecum.* The latter difficulty is more fancied than real, as the court has ample power to compel their production; and the first should not prevail in this case, for it appears from the papers that the plaintiff kept books of his agency while he was defendant's agent, and the latter, before the order in question was made, offered to give

the former a full statement of the facts desired by him with respect to every policy which was procured by him as agent under the contract in suit, in which he would furnish to the defendant the name of the insured, provided that upon investigation it should be found that he did procure such policy. This we think, under the circumstances of this case, is all that the plaintiff could in fairness and justice require.

The good faith of the application is also seriously questioned by the defendant, and it is charged that the discovery is sought for ulterior purposes These charges are not satisfactorily met by the plaintiff, although he had an opportunity to do so; and, under the circumstances, we think the books should only be examined under the supervision of the referee. The order should therefore be reversed, with costs.