HENRY W. HAYDEN, Respondent, *v.* CATHARINE E. VAN CORTLANDT,
Appellant.

*Discovery — marks and symbols on a tree, a document under section 803 of the
Code of Civil Procedure — discovery, not granted unless the necessity therefor be
clearly shown.*

*Quœre*, as to whether a terminal line tree on which certain marks and symbols
have been placed which tell the true line of a lot of land may be deemed a
document within the meaning of section 803 of the Code of Civil Procedure.
An order for discovery and inspection will never be granted unless the necessity
therefor is clearly shown, and a fishing examination to enable the plaintiff in
an action to discover what, if anything, there is worthy of discovery, will not
be allowed.

HERRICK, J., dissenting.

APPEAL by the defendant, Catharine E. Van Cortlandt, from an
order of the Supreme Court, made at the Clinton Special Term and
entered in the office of the clerk of the county of Warren, on the
10th day of November, 1894, directing the defendant to permit the
examination of a certain terminal line tree to be made on behalf of
the plaintiff.

*Clarence H. Frost*, for the appellant.

*Henry W. Hayden*, respondent, in person.

PUTNAM, J.:

This action was brought for the purpose of enjoining the defend-
ant from trespassing on property which plaintiff claimed to own at
Lake George, and to establish the boundary line between such prop-
erty of the plaintiff and defendant's premises. The answer of
defendant alleges that she is the owner in fee of the property which
plaintiff claims. On the 2d day of October, 1894, plaintiff, on a
verified petition and affidavits, obtained an order from a judge of
this court requiring defendant to allow plaintiff to make discovery
and inspection of certain marks alleged to be on a tree on defend-
ant's property, or on the line between plaintiff's and defendant's lots,
or to show cause at a Special Term on the 20th day of October,
1894, why said order should not be made absolute. On said 20th

day of October, 1894, at a Special Term of the Supreme Court, an order was made directing defendant to allow a discovery and inspection of the markings on said tree. From this order the defendant appeals.

It appears from the affidavits and papers presented to the court below that the division line between the lots of defendant and plaintiff is the south line of lot No. 15 of Kennedy's patent, such line forming the north bounds of defendant's premises, and that the question in controversy between the parties is as to the true location of said south line of lot No. 15. Plaintiff claimed that a certain terminal marked tree on the premises now occupied by defendant, if examined and cut into, would probably exhibit marks showing that it is the terminal line tree of said south line of lot No. 15, and afford material evidence to sustain the allegations of the complaint. The order appealed from provided that defendant permit an examination of said terminal line tree by one Arnold, a surveyor, who, in the order, was appointed referee to examine said tree by boxing and cutting into it as far as necessary to read the marks therein.

We are not prepared to decide that the court below had not power to grant the order appealed from under the provisions of section 803 of the Code of Civil Procedure. It may be that a terminal tree on which certain marks and symbols have been placed which tell the true line of a lot of land — which marks have a meaning well understood by surveyors — can be deemed a *document* within the meaning of section 803 (*supra*). Rice, in his work on Evidence (p. 185, § 125), speaking of documents, says : " Under this term are properly included all material substances on which the thoughts of men are represented by writing or any other species of conventional mark or symbol; this is the comprehensive definition by Best.

" Sir James Stephen's definition is more restricted : ' Any substance having any matter expressed or described upon it by marks capable of being read.' (Dig. Law Ev. art. 1.) "

Chamberlayne, in his valuable annotations on the treatise of Best, at page 215, comments suggestively as follows : " Within these definitions, a ring or banner with an inscription, a musical composition, and a savage tattoed with words intelligible to himself, would all be documents."

In the Century Dictionary the meaning of the word "document" is defined as follows: "In the *law of evidence*, anything bearing a legible or significant inscription or legend; anything that may be read as communicating an idea (including thus a tombstone, a seal, a coin, a signboard, etc., as well as paper writings)."

Without passing on the question, however, and assuming that the court below *had power* to make the order appealed from, we think plaintiff failed in his petition and affidavits to establish a state of facts showing the necessity and the propriety of the order in question.

It is well settled that an order for discovery and inspection will never be granted unless the necessity therefor is clearly shown. (*Bien* v. *Hellman*, 2 Misc. Rep. 168; *Morrison* v. *Sturges*, 26 How. Pr. 177.)

In *Brownell* v. *National Bank of Gloversville* (20 Hun, 517) the General Term of this district held that what is called a fishing examination to enable plaintiff to discover something, if there is anything worth a discovery, will not be allowed. And see the cases cited in the opinion delivered in that case. (*Walker* v. *Granite Bank*, 44 Barb. 39; *Pegram* v. *Carson*, 18 How. Pr. 519; *Mott* v. *The Consumers' Ice Co.*, 52 id. 148. See also, *Douglas* v. *Delano*, 20 Wkly. Dig. 85, 86.)

A careful examination of the petition and affidavits on which the plaintiff applied for the order in question makes it apparent that the necessity for the examination of the terminal line tree in question was not shown. As we have before suggested, the question in the case was as to the true south line of lot No. 15 of Kennedy's patent. Plaintiff claimed that certain marked line trees on defendant's premises showed the true south line of said lot, while defendant claimed that certain other marked trees north of her premises were on the true south line of lot No. 15 of Kennedy's patent.

In his petition plaintiff states in regard to the terminal tree he desires to inspect as follows: "That your petitioner has been advised by said D. M. Arnold that said terminal line tree bears the surveyor's mark of a blaze and three hacks, which are now plainly visible to any one examining the tree, and *that as all terminal line trees were marked to designate the line they stood in, in conformity with the general custom, he believes* said terminal line tree to be

marked in a manner which will show what the line is which it monuments."

The surveyor, Arnold, in his affidavit, says as follows in regard to the terminal line tree : " One of which line trees stands upon the shore of the lake, and is the terminal line tree of the line trees marking the north village line, and the south line of what remained of of lot No. 15, Kennedy patent, and that the blaze and three hacks are plain to be seen by any one familiar with the marking upon ancient trees (*and that in deponent's opinion said terminal line tree is marked in some manner which will indicate the line upon which it stands*), *and throw much light upon the question* whether it marks the south line of lot No. 15, Kennedy patent, as referred to in the said description of defendant's fish pond lot, as its northerly line.     \*     \*     \*

" That it was apparently marked many years ago, probably when the village of Caldwell was laid out, and that whatever marking was made upon the blaze at that time, although now overgrown and concealed from view, still remains there plain and legible and can be read as well to-day as when placed there, if said tree is cut into and the growth over said marking and blaze is removed.  .     \*     \*     \*

" That it was the custom to mark all terminal line trees in some manner and to refer to them by the marks in the survey bill, and that the said terminal line tree bears the blaze and three hacks, which are now plainly visible, *and deponent believes that it will be found marked, upon examination, in some manner designating the line of which it is the terminal monument, and that it will shed much light upon the question at issue, if it does not practically determine it.*"

From the above quotations from the petition and the affidavit of Arnold, it is clear that a case for a discovery and inspection was not established.  Arnold and the plaintiff merely believe that the tree in question will afford some evidence bearing upon the issues between the parties.  But they do not know.  It is quite apparent that the object of the examination is to find out whether the marks on the tree will or will not afford any evidence tending to establish the allegations of the complaint.  The application for a discovery is subject to the objections stated in *Brownell* v. *Nat. Bank of*

*Gloversville* (*supra*). It seeks a fishing examination. Plaintiff and his surveyor surmise that there may be marks on the tree that will afford evidence favorable to one of the parties, and wish to obtain an order of the court allowing plaintiff to ascertain the facts. Should the markings on the tree aid plaintiff to establish his cause of action he would use the evidence afforded by them on the trial, otherwise not. Arnold does not say that the marks on the terminal tree in question, which would be developed by cutting into it, will show that plaintiff's contention is correct. He does not claim to know. He merely states that there are probably marks on the tree that will show on what line it was a terminal boundary tree. It is quite evident, therefore, that the order is subject to the objection pointed out in the case of *Brownell* v. *Nat. Bank of Gloversville* (*supra*). It authorizes " a *fishing* examination to enable the plaintiffs to discover something, if there be anything worth the discovery."

The order should be reversed, with costs.

MAYHAM, P. J., concurred ; HERRICK, J., dissented.

Order reversed, with ten dollars costs and printing and other disbursements.